## PATTERSON et al. v. AMERICAN NAT. RED CROSS.

### Civ. A. No. 4019–M.

United States District Court
S. D. Florida, Miami Division.

Dec. 19, 1951.

**656**

Hogsten, Levin & Knuck, Miami, Fla., for plaintiffs.

Dixon, DeJarnette & Bradford, Miami, Fla., for defendant.

HOLLAND, Chief Judge.

The complaint in this cause was filed by Robert F. Patterson and Delores H. Patterson, citizens of Florida, in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, against The American National Red Cross. Petition for removal was filed by defendant, The American National Red Cross. The cause now comes on to be heard on the plaintiffs' motion to remand on the following grounds:

"1. This cause does not involve a controversy between parties of different States for the purposes of diversity of citizenship to give the District Court of the United States jurisdiction.

"2. The defendant corporation is a National Corporation formed under an Act of Congress, Title 36, Section 1 et seq. U.S. C.A. The defendant's activities and operation were not to be confined to a single State, but were to be carried on in all of the states of the United States, and the defendant having carried on its work and business within the State of Florida is not a foreign corporation or a non-resident citizen for the purposes of giving right to a diversity of citizenship."

The American National Red Cross was created a corporation by Act of Congress.

Title 36 U.S.C.A. § 1 provides, after naming the incorporators: " * * * are created a body corporate and politic in the District of Columbia."

Title 36 U.S.C.A. § 1a, in part reads as follows: "The corporation now existing as The American National Red Cross under sections 1 and 2–16 of this title, shall continue as a body corporate and politic in the District of Columbia."

■ Title 36 U.S.C.A. § 2, as amended May 8, 1947, now reads in part as follows: "The name of this corporation shall be 'The American National Red Cross', and by that name it shall have perpetual succession, *with the power to sue and be sued in courts*

*of law and equity, State or Federal, within the jurisdiction of the United States."* (Italics the Court's.) It is to be noted that the portion above italicized was amended and changed from the previous provision which read as follows: " * * * with the power to sue and be sued in courts of law and equity within the jurisdiction of the United States." Certainly Congress contemplated suits by or against the defendant in the Federal Courts when enacting the amendment

Section 1332 of Title 28 U.S.C.A., as it presently reads, expressly provides: "(b) The word 'States', as used in this section, includes the Territories and the District of Columbia."

■ It is true that the defendant has the right to operate and carry on its activities in Florida and all of the States of the United States. However, it is established without question that, for the purpose of jurisdiction in the courts of the United States, a corporation is to be deemed a citizen of the state creating it, and the fact that it does business in another state, or even the fact that it agreed, as a condition of being permitted to transact business in another state, that it may be sued therein, does not make it a citizen of the latter state so as to deprive the Federal Courts of jurisdiction. Louisville, Cincinnati & Charleston R. Co. v. Letson, 2 How. 497, 11 L.Ed. 353; Barrow Steamship Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; Southern R. Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078.

■ Title 28 U.S.C.A. § 1349, relied upon by the plaintiffs, in the opinion of the Court, is not applicable to this particular situation, as defendant does not take the position that this Court has jurisdiction "upon the ground that it was incorporated by or under an Act of Congress." It is only where this is the sole ground of jurisdiction that the United States must be the owner of more than one-half of its capital stock. The basis of alleged jurisdiction in this case is diversity of citizenship and not the fact that the defendant was incorporated "by and under an Act of Congress". The above Section 1349 is not a restriction

upon the jurisdiction of Federal Courts under other sections of Title 28 dealing with jurisdiction, but is an additional grant of jurisdiction.

It is the opinion of this Court that the defendant The American National Red Cross is a citizen of the District of Columbia and that there is diversity of citizenship within the meaning of Title 28 U.S.C.A. § 1332.