**Frances E. ROCHE, Individually on Behalf of the Decedent's Next of Kin, and as Executrix of the Estate of Thomas J. Roche, Plaintiff,**

v.

**AMERICAN RED CROSS, the Children's Hospital, and John Doe, Defendants.**

**Civ. A. No. 87–2293–K.**

United States District Court, D. Massachusetts.

Jan. 29, 1988.

---

Leo V. Boyle, Meehan, Boyle & Cohen, Boston, Mass., for plaintiff.

Peter B. Ellis, Amy Woodward, Foley, Hoag & Eliot, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

The plaintiff, Frances Roche, originally filed this action in Suffolk County Superior Court. The complaint alleges that plaintiff's late husband contracted AIDS from contaminated blood products negligently supplied by defendant American Red Cross ("Red Cross") and/or defendant Children's Hospital. On September 16, 1987, the Red Cross, joined by co-defendant Children's Hospital, filed a petition for removal to this court (Docket No. 2). Pursuant to 28 U.S. C. § 1447(c), the plaintiff filed a motion and memorandum in support for remand to Suffolk Superior Court (Docket Nos. 9, 10). The Red Cross opposed the motion for remand and filed a memorandum in support of its opposition (Docket Nos. 13, 14).

Since removal, the Children's Hospital has filed a number of motions unrelated to the issue of removal. Because I conclude that this court lacks subject matter jurisdiction over this action, it is unnecessary (and inappropriate) for me to consider these motions.

### I.

The Red Cross asserts two bases for removal. The first is 28 U.S.C. § 1441, and the second is 28 U.S.C. § 1442. Section 1441 is the general removal provision. As a rule, an action is removable from state court to federal court by the defendant only if the action might have been brought in federal court originally. In other words, removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had filed the action in federal court originally. "The burden of establishing federal jurisdiction rests with the party seeking removal." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.1985); *see also Wilson v. Republic Iron & Steel*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

Section 1442 is a wholly distinct basis for removal. It authorizes removal of a civil action or criminal prosecution commenced in state court against a federal officer for acts done under color of office. Where

section 1442 applies, the right of removal is absolute and may be exercised even though the action might not have been brought initially in a federal court. *See* 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3727 (2d ed. 1985).

A district court's decision to remand a case to state court is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). Therefore, courts should be cautious about remand. Nevertheless, the trend of decisions is that removal statutes will be strictly construed and that doubts should be resolved against removal. *See Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979) (stating that "it is axiomatic that ambiguities are generally construed against removal"); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976) (stating that "the case should be remanded if there is doubt as to the right of removal in the first instance"). There are two reasons for this trend. First, a plaintiff's choice of forum should not be denied lightly. Second, major inefficiencies result where a district court's decision that removal was proper is ultimately overturned on appeal after a full trial on the merits.

## II.

The Red Cross argues that removal is proper under section 1441 because the Congressional charter of the Red Cross directly gives the federal courts original jurisdiction over any suit to which the Red Cross is a party. The charter includes the following provision:

> The name of this corporation shall be "The American National Red Cross" and by that name it shall have perpetual succession, with the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States; [and] to have and to hold such real and personal estate as shall be deemed advisable....

36 U.S.C. § 2. The Red Cross relies particularly on the "sue-and-be-sued" clause as a conferral of federal jurisdiction.

In general, a provision in a corporate charter that grants the right to sue and be sued merely creates in the corporation a capacity to litigate, *see* Fed.R.Civ.P. 17(b), or, in the case of a government corporation, waives sovereign immunity, *see Federal Housing Admin. v. Burr*, 309 U.S. 242, 244–47, 60 S.Ct. 488, 490–91, 84 L.Ed. 724 (1940). If Congress wishes to directly confer jurisdiction, it commonly does so expressly in a separate clause. For example, Congress provided in the enabling legislation for the Federal Crop Insurance Corp. that the corporation "may sue and be sued in its corporate name in any court of record of a state having general jurisdiction, or in any United States district court, *and jurisdiction is conferred* upon such district court...." 7 U.S.C. § 1506(d) (emphasis added). The Red Cross acknowledges the general rule that a sue-and-be-sued clause does not normally confer jurisdiction; however, the Red Cross argues that an exception to this rule exists where Congress has specifically referred to capacity to sue and be sued *in the federal courts.*

In *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824), the Supreme Court held that the Bank's charter, which allowed it to "sue and be sued ... in all State Courts having competent jurisdiction, and in any Circuit Court of the United States," was a Congressional grant of federal jurisdiction in all cases to which the Bank was a party. Extensive comments upon the *Osborn* decision disclose that it is one of the most inscrutable in the history of Supreme Court jurisprudence. Almost every aspect of Chief Justice Marshall's opinion has been questioned at one time or another, including that portion of the opinion relevant to the case at bar. *See* C. Wright, *Law of Federal Courts* § 17 n. 5 (3d ed. 1976). Nevertheless, *Osborn* has not been overruled, and if the language of the Red Cross charter is within its holding this court is bound to give effect to that holding.

*Osborn* does not support the position that a Congressional charter that contains a sue-and-be-sued clause automatically confers federal jurisdiction on the corporation so enabled. In *Bankers Trust Co. v. Texas*

& *Pacific Ry.*, 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010 (1916), for example, the Court held that a Congressional charter granting the defendant the right "to sue and be sued ... in all courts of law and equity within the United States" did not confer jurisdiction. *Id.* at 302–04, 36 S.Ct. at 569–71. The court distinguished the "general" language of Texas & Pacific's charter with the "specific" reference in the Bank's charter to "a circuit court of the United States." *Id.* at 304–05, 36 S.Ct. at 570–71. Thus, it is only where the charter contains certain "specific" language that a jurisdictional grant will be inferred. The parties and this court have identified only one Supreme Court case decided in the 160 years since *Osborn* (and one case that relied on it), in which, arguably, a sue-and-be-sued clause was held to contain "specific" language sufficient to confer federal jurisdiction. That case is *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

*D'Oench* involved interpretation of the FDIC charter, which authorized the FDIC to sue and be sued "in any court of law or equity, State or Federal." *Id.* at 455, 62 S.Ct. at 678. This language is nearly identical to the language Congress adopted when it revised the Red Cross charter in 1947. On the basis of this similarity, the United States District Court for the Eastern District of Missouri held that the Red Cross charter contains a direct grant of federal jurisdiction. *See C.H. v. American Red Cross*, No. 86–1713–C–A (E.D.Mo. Apr. 2, 1987) (denying removal on other grounds). The charter at issue in *D'Oench*, however, is readily distinguishable. The FDIC's charter not only gave it the right to sue and be sued but also provided that "[a]ll suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States." *D'Oench*, 315 U.S. at 455 n. 2, 62 S.Ct. at 678 n. 2.

Significantly, only three years after *D'Oench* was decided, the Eighth Circuit failed to rely on the sue-and-be-sued clause in the FDIC charter when the identical jurisdictional issue was presented in that court. The FDIC charter, the Eighth Circuit wrote,

> after giving the Corporation power generally to "sue and be sued, complain and defend, in any court of law or equity, State or Federal", further expressly provides ... that "All suits of a civil nature at common law or in equity to which the Corporation [in its own capacity] shall be a party shall be deemed to arise under the laws of the United States." This special provision reasonably can only mean that all such suits ... must legally be regarded as arising under the laws of the United States....

*FDIC v. George–Howard*, 153 F.2d 591, 593 (8th Cir.), *cert. denied*, 329 U.S. 719, 67 S.Ct. 53, 91 L.Ed. 623 (1946). *But cf. FSLIC v. Kearney Trust Co.*, 151 F.2d 720, 725 (8th Cir.1945) (relying on *D'Oench* to conclude that the case arose under the laws of the United States and the rights of the FSLIC were governed by federal law). I conclude that the similarity between the sue-and-be-sued clause in the Red Cross charter and that in the FDIC charter does not support the conclusion that the Red Cross charter similarly contains a direct grant of federal jurisdiction; the FDIC charter contained another jurisdictional grant outside the sue-and-be-sued clause.

The Red Cross argues, however, that the legislative history surrounding the 1947 amendment of its charter demonstrates that Congress specifically intended to resolve all doubt as to federal jurisdiction in all cases to which the Red Cross was a party. For present purposes I assume, as the Red Cross argues, that when the Red Cross charter was amended in 1947, House and Senate reports indicate that Congress essentially adopted the recommendations of a recently formed Red Cross advisory committee, known as the Harriman Committee. This committee advised, among other things, that the status of the Red Cross as a litigant in federal court should be made more explicit.

> *Recommendation No. 22. The Charter should make it clear that the Red Cross can sue and be sued in the Federal Courts.*

The present Charter gives the Red Cross the power to "sue and be sued in courts of law and equity within the jurisdiction of the United States". The Red Cross has in several instances sued in the Federal Courts, and its powers in this respect have not been questioned. However, in view of the limited nature of the jurisdiction of the Federal Courts it seems desirable that this right be clearly stated in the Charter.

Report of the Advisory Committee on Organization, at 35–36 (June 11, 1946).

There are two reasons why I decide that the legislative history does not support the expansive view of federal jurisdiction for which the Red Cross argues. First, the recommendation of the Harriman Committee is itself ambiguous. As the committee framed the question, arguably the issue was whether the Red Cross "can" sue— that is, has "the power" to sue—in federal court. This question is distinguishable from the question of *jurisdiction*. Indeed, the revised charter makes "clear that the Red Cross *can* sue and be sued in the Federal Courts," and this is consistent with the usual "capacity to litigate" interpretation assigned to sue-or-be-sued clauses. Second, even if it is assumed that the Harriman Committee was clear on what it intended to recommend, it is doubtful that Congress adopted those intentions when it approved the amendment to the charter. The Senate Report, which is the only one available in the *United States Code Congressional Service,* makes no mention of the jurisdictional point whatsoever. S.Rep. No. 38, 80th Cong., 1st Sess., *reprinted in* 1947 *U.S.Code Cong.Serv.* 1028. Congress adopted the text of the 1947 amended charter, not the intentions of individual members of Congress nor the intentions of the Harriman Committee.

Finally, I note that *Patterson v. American National Red Cross,* 101 F.Supp. 655 (S.D.Fla.1951), supports the position I have taken with respect to interpretation of the Red Cross charter. *Patterson* was decided only four years after the amendment to the Red Cross charter. In *Patterson,* the Red Cross removed to federal court a suit filed in Florida state court. The plaintiff moved to remand. The court denied the motion to remand; however, it relied on its determination that original jurisdiction existed in federal court on the basis of diversity jurisdiction. For purposes of diversity, the Red Cross is a citizen of the District of Columbia. Although the court explicitly cited the sue-and-be-sued clause of the Red Cross charter, and even commented on the 1947 amendment to that clause, the court never considered the possibility that removal was proper because Congress had directly conferred federal jurisdiction on the Red Cross. Indeed, from the opinion it appears that the Red Cross did not even make such an argument. *Patterson* suggests that the sue-and-be-sued clause of the Red Cross charter serves no other function than that found to be served in every other like case since *Osborn;* it creates capacity to litigate and waives sovereign immunity.

For all of these reasons, I conclude that the Red Cross charter does not directly confer federal jurisdiction; therefore, removal under 28 U.S.C. § 1441 is improper.

### III.

■ The Red Cross alleges an independent ground for removal exists in 28 U.S.C. § 1442(a)(1). This section states:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

Plaintiff argues at the outset that the Red Cross should not be permitted to remove this action under section 1442 because the right to remove under that statute extends only to natural persons.

Plaintiff's argument presents an issue of statutory construction of first impression in the First Circuit and the District of Massachusetts. The issue is whether the word "persons" in section 1442 means

"natural persons" or should be construed more broadly to include, for example, a federal agency or corporation.

In considering questions of statutory construction, courts must first read the statute in a straightforward search for the meaning manifested in the text itself. *Cf. United States v. Rutherford*, 442 U.S. 544, 551–52, 99 S.Ct. 2470, 2475, 61 L.Ed.2d 68 (1979) (Marshall, J., writing for a unanimous court) (instructing that "[i]f a legislative purpose is expressed in 'plain and unambiguous language, ... the ... duty of the courts is to give it effect according to its terms.' ... Exceptions to clearly delineated statutes will be implied only where essential to prevent 'absurd results' or consequences obviously at variance with the policy of the enactment as a whole"). The text of the statute in dispute indicates that "persons" means "natural persons."

Section 1442(a) does not define persons except insofar as it directs the reader to the subsections. Subsection (a)(1) indicates that persons include any *"officer* of the United States or any agency thereof, or *person* acting under *him."* (Emphasis added.) The word "officer" suggests an employee of either the government or an agency, not the agency itself. Moreover, "[i]t is highly unlikely that Congress would refer to a federal agency ... as 'him.' " *Lowe v. Norfolk & Western Ry.*, 529 F.Supp. 491, 494 (S.D.Ill.1982). The text of the statute on its face suggests that it provides protection for persons, not agencies. Nevertheless, I do not wish to overstate the point. The text is susceptible to more than one meaning. It is well known and long established, for example, that a corporation is a "person" within the meaning of the Fourteenth Amendment. *See, e.g., Metropolitan Life Insur. v. Ward, Alabama,* 470 U.S. 869, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985).

As stated above, there are no First Circuit or District of Massachusetts precedents that shed light on the issue presented. There are, however, a number of cases from other jurisdictions that have interpreted section 1442. These cases reveal that there is no consensus. *Compare Woodward v. Turnage*, 646 F.Supp. 219, 221–22

(E.D.Mo.1986) and *Gensplit Finance Corp. v. Foreign Credit Insur. Assoc.,* 616 F.Supp. 1504, 1508–10 (E.D.Wisc.1985) and *City of Alma v. Bell, Galyardt & Wells, Inc.,* 606 F.Supp. 686, 689–91 (D.Neb.1985) and *Lowe v. Norfolk & Western Ry.,* 529 F.Supp. 491, 493–95 (S.D.Ill.1982) (all limiting § 1442 to natural persons) *with IMFC Professional Services of Florida v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir.1982) and *Township of Middleton v. N/E Regional Office, United States Postal Service,* 601 F.Supp. 125, 127 (D.N.J.1985) and *National Audubon Society v. Department of Water & Power,* 496 F.Supp. 499, 508 (E.D.Ca.1980) (all interpreting § 1442 to allow removal by agencies). Nevertheless, the precedents, on the whole, support the plaintiff's argument. Although the cases are fairly evenly divided, the majority of those courts *that addressed the issue explicitly* and rendered a reasoned decision of law decided that section 1442 authorizes only natural persons to remove.

The Red Cross argues that construing section 1442 as limited to natural persons would be at variance with the policy of the statute, which has been described as "the protection of the exercise of legitimate federal authority against interference by individual states through their courts." 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3727, at 445 (2d ed. 1985). This argument has some appeal in the abstract, but it is not persuasive in context. Section 1442 is not the only provision that protects the exercise of legitimate federal authority. The plaintiff in the case at bar, for example, presses a tort claim. Subject to the consent of Congress as expressed in the Federal Tort Claims Act, sovereign immunity sufficiently protects the exercise of federal authority against interference by individual states through their courts. Therefore, it is entirely consistent with the policy of section 1442 to decide that it authorizes only natural persons (generally not protected by sovereign immunity) to remove actions to federal court. *See Lowe,* 529 F.Supp. at 494.

The Red Cross relies particularly on *Willingham v. Morgan*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). This reliance is misplaced. *Willingham* indeed holds that Congress's decision to provide a federal forum for federal officers "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* at 407, 89 S.Ct. at 1816. The issue presented in *Willingham,* however, was the scope of the "color of office" test. The Supreme Court appears to have assumed that the test it was explicating would be applied to natural persons, and some of the Court's comments are inconsistent with the opposite conclusion. For example, the Court wrote that federal jurisdiction under section 1442(a)(1) "rests on ... the very basic interest in the enforcement of federal law through federal officials." *Id.* at 406, 89 S.Ct. at 1816. The more natural reading of this passage is that the Court was referring to "federal officials" in their individual capacity rather than "federal officials" in their official capacity. In other words, the Court recognized that section 1442(a)(1) protects the government's interest in the enforcement of federal law by individual federal officials, not the government's interest in enforcement of federal law by federal agencies (which may be identified either by names of agencies or by names of federal officials designated as acting in their official capacity).

Because the text of section 1442 suggests that only natural persons are covered, and because that interpretation is consistent with precedent and with the manifested policy of the statute, I conclude that section 1442(a)(1) does not authorize the Red Cross to remove the case at bar to this court.

### IV.

As I stated above in Part I, the trend is to interpret removal statutes narrowly, and the burden is always on the party seeking removal to establish that removal is proper. Although the Red Cross has stated two grounds for removal that present extremely close questions of federal jurisdiction, I conclude that the Red Cross has not met its burden. After careful study of the argu-

ments and caselaw, I am unable to conclude that this court has jurisdiction over the matter. The risk of wasted resources that would result if a higher court decided on appeal that removal was improper *after* trial on the merits is exacerbated in this case by the fact that a pendent party is involved. I conclude that plaintiff's motion for remand (Docket No. 9) should be granted. It will be so ordered.