**ANONYMOUS BLOOD RECIPIENT and His Wife, Plaintiffs,**

**v.**

**SINAI HOSPITAL, a Michigan Corporation, and Southeastern Michigan Chapter, American Red Cross, a National Corporation, Defendants.**

**No. 88–CV–71037–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 24, 1988.

Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C. by David K. Barnes, Jr., Detroit, Mich., for plaintiffs.

Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C. by Richard Denardis, Salwa G. Spong, Detroit, Mich., for Sinai Hosp.

Dykema Gossett, Spencer, Goodnow & Trigg by Daniel G. Wyllie, John I. Kittel, Detroit, Mich. (Arnold & Porter by Bruce M. Chadwick, Edward L. Wolf, Louis M. Bograd, Washington, D.C., Karen Shoos Lipton, Associate Gen. Counsel, Washington, D.C., of counsel), for American Red Cross.

## OPINION

GILMORE, District Judge.

This complaint, which was originally filed in the Circuit Court for the County of Wayne, alleges that the plaintiff husband contracted human immunodeficiency virus (HIV), the virus that appears to cause AIDS, from blood products supplied by defendant American Red Cross, and administered by defendant Sinai Hospital, following surgery in March of 1985. A timely petition for removal to this Court was filed, and the question before the Court now is whether there is jurisdiction. Jurisdiction must be based upon the status of the American Red Cross as a government chartered corporation because there is no diversity between plaintiffs and co-defendant Sinai Hospital.

The Red Cross is a national corporation chartered by Congress. 36 U.S.C. § 2 provides in pertinent part:

The name of this corporation shall be "The American National Red Cross," and by that name it shall have perpetual succession, with the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

The matter is before the Court upon the motion of plaintiff to remand the case to the Wayne County Circuit Court for lack of federal jurisdiction.

The contention of the Red Cross, which seeks to keep the case in this Court, is that federal subject matter was conferred upon the Red Cross by 36 U.S.C. § 2 (*supra*), and that it is entitled to remove to state court under 28 U.S.C. § 1441(a).[1] Defendant Red Cross contends that Section 1441 creates a broad right of removal, giving the defendant a choice of forum when jurisdiction is concurrent, and Congress has not expressly declared otherwise. Defendant therefore claims its removal of this action was proper, and the motion to remand should be denied.

The plaintiffs, on the other hand, contend that there is no Federal Court jurisdiction, and rely heavily upon *Roche v. American Red Cross*, 680 F. Supp. 449 (D. Mass. 1988), which examined issues similar to the case at bar.

The seminal case on the meaning of similar language is *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). There, the Supreme Court held that the bank's charter, which allowed it to "sue and be sued ... in all state courts having competent jurisdiction, and in any circuit court in the United States," was a congressional grant of federal jurisdiction in all cases to which the bank was a party. 22 U.S. 816.

Although the opinion has been criticized by commentators,[2] the case has never been overruled, and still remains a viable and active case.

---

1. 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. *See,* C. Wright *Law of Federal Courts,* § 17 n. 5 (3d Ed. 1976).

In *Roche,*—a comprehensive recent opinion on this matter—the American Red Cross asserted two basis for removal. The first was 28 U.S.C. § 1441, the general removal provision, and the second was 28 U.S.C. § 1442(a)(1), which provides that any civil action commenced in state court can be removed to the District Court of the United States when the suit involves any officer of the United States, or any agency thereof, or person acting under him, for any act under the color of said office.

For the reasons stated herein, this Court disagrees with Judge Keeton's conclusions in *Roche,* and finds that this Court should retain jurisdiction.

As in the *Roche* case, the Red Cross contends here that removal under § 1441 is proper. Defendant contends here, as it did before the *Roche* court, that the clause that granted them the right to sue and be sued in Federal Courts gives the Court subject matter jurisdiction.

The *Roche* court found that the "sue and be sued" clause did not grant subject-matter jurisdiction, and denied removal. 680 F. Supp. at 453. The court cited Rule 17(b) of the Federal Rules of Civil Procedure for the proposition that a "sue and be sued" clause "merely creates in the corporation a capacity to litigate," and found that, while on first blush there are some cases that seem to indicate that a "sue and be sued" clause is a congressional grant of jurisdiction, deeper analysis proves otherwise. *Id.* at 451.

In *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 455 n. 2, 62 S.Ct. 676, 678 n. 2, 86 L.Ed. 956 (1942), a FDIC charter gave the corporation the right to sue and be sued, and provided that "all suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States." The *Roche* court distinguished the language of the Red Cross Charter from the specific language of the FDIC's Charter and the Bank of the United States' Charter. 680 F. Supp. at 452.

The analysis of *Roche* does not persuasively distinguish *Osborn.* While the *D'Oench* charter was more specific in granting federal jurisdiction, the *Osborn* charter uses language just as vague and ambiguous as the statute in 36 U.S.C. § 2. *D'Oench* did not overrule nor distinguish *Osborn.* Additionally, the *D'Oench* court, in its text, provided the following explanation for federal jurisdiction: "Respondent, a federal corporation, brings this suit under an Act of Congress authorizing it to sue or be sued "in any court of law or equity, state or federal." *Id.* 315 U.S. at 455, 62 S.Ct. at 678. Although the footnote contained more specific language found in the charter, the fact remains that the language of the statute emphasized and relied upon by the *D'Oench* court is identical to that in the Red Cross charter in that the Corporation was authorized by Congress to "sue or be sued" in any court of law or equity, state or federal. *Id.*

In the opinion of this Court, one cannot so lightly ignore *Osborn.* It is still the law of the land, and neither *D'Oench* nor *Bankers Trust v. Texas & Pacific Railway,* 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010 (1916), overruled *Osborn.*

The Federal Charter of the Osborn Bank allowed it "to sue and be sued, plead or be impleaded, answer and be answered, defend and be defended, in all state courts having competent jurisdiction and in any circuit court of the United States." 22 U.S. at 817. There the Court stated:

> These words seem to the Court to admit of one interpretation; they cannot be made plainer by explanation. They give, expressly, the right "to sue and be sued," "in every circuit court of the United States," and it would be difficult to substitute other terms which would be more direct and appropriate for the purpose.

*Id.* 22 U.S. at 817.

The Court distinguished a case involving the bank's predecessor, *Bank of the United States v. Deveaux,* 9 U.S. (5 Cranch) 61, 3 L.Ed. 38 (1809), on the ground that the prior bank's charter allowed it to sue and be sued in courts of record, or any other place whatsoever, but contained no specific reference to federal courts. *Id.* 22 U.S. at 817.

'As pointed out by the Red Cross in its brief, while *Deveaux* stands for the proposition "that a general capacity in a Bank to sue, without mentioning the Courts of the Union, may not give a right to sue in those Courts," *Osborn* holds that a sue-and-be-sued clause expressly allowing suit in federal courts will be construed to confer federal jurisdiction. 22 U.S. at 818.

The fact that other statutes with greater detail and more expansive jurisdictional jurisdiction have been held to furnish the basis for federal jurisdiction does not mean that *Osborn* is overruled or no longer a viable case. *Osborn* may be the minimum language required to confer federal jurisdiction.

Furthermore, in *Roche*, the Red Cross argued that legislative history surrounding the 1947 amendment demonstrated that Congress specifically intended to confer federal jurisdiction by citing Recommendation 22 of the Harriman Committee. This argument was not made in this Court, but provides, in this Court's opinion, further basis for granting jurisdiction to the American Red Cross in United States District Court.

Recommendation 22 stated:

The Charter should make it clear that the Red Cross can sue and be sued in the Federal Courts. The present Charter gives the Red Cross the power to "sue and be sued in courts of law and equity within the jurisdiction of the United States." The Red Cross has in several instances sued in the Federal Courts, and its powers in this respect have not been questioned. However, in view of the limited nature of the jurisdiction of the Federal Courts it seems desirable that this right be clearly stated in the Charter.

Report of the Advisory Committee on Organization, at 35–36 (June 11, 1946).

The court in *Roche* was not persuaded. The Court gave two reasons why Recommendation 22 did not support federal jurisdiction. The first was that the language was ambiguous, and the second was that nothing indicated that Congress adopted those intentions when they approved the Amendment to the Charter. 680 F. Supp. at 453. *Roche* claimed that the Senate Report, which is the only one available, makes no mention of the jurisdictional point whatever. *Id.*

This Court does not agree. First of all, there is no ambiguity whatever in the language of the recommendation. The Report clearly states that the amendment should be made clear that the Red Cross can sue and be sued in federal courts. This Court does not understand how this can be ambiguous. Secondly, the fact that the Senate Report makes no mention of the jurisdictional report whatever is of no effect. One must look at the language of the Statute in light of prior cases, and consider seriously Recommendation 22.

Further, Congress specifically changed the language of the charter from the general "sue-and-be-sued in courts of law and equity within the jurisdiction of the United States" to the more specific "sue-and-be-sued in courts of law and equity, *State or Federal*, within the jurisdiction of the United States." Congress was surely aware of the teachings of *Osborn* and *Bankers Trust Co.* The change in language from that which merely granted the corporation the capacity to litigate to that which granted the corporation federal jurisdiction coupled with the Harriman recommendations clearly give the Red Cross federal jurisdiction.[3]

In summary, the Court concludes that the Red Cross charter contains an express entitlement to litigate in the Federal Courts, and finds that *Osborn* is still binding authority for that proposition. The Court is of the opinion that Congress clearly intended that the Red Cross have the

---

**3.** Judicial decisions have split on whether the Red Cross Charter confers original subject matter jurisdiction. *See, C.H., Next Friend of K.P., a minor, v. American Red Cross*, 684 F.Supp. 1018, 1025 (E.D.Mo.1987); *Smith v. Curators of the University of Missouri, et al.*, No. 86–1874–C–A, order (E.D. Mo, Feb. 8, 1988); *Evan v. Jewish Hospital of St. Louis, et al.*, NO. 86–1982–C(2), order (E.D. Mo., March 28, 1988); *Griffith v. Columbus Area Chapter of the American Red Cross*, 678 F. Supp. 182, (S.D. Ohio 1988); *Walton v. Howard University T/A Howard University Hospital and the American Red Cross* (D.C. Chapter), 683 F.Supp. 826 (DD.C.1987).

benefit of a federal forum, if it so desired, and the fact that *Osborn* is more than 150 years old, and subject to much criticism, does not denegrate its authority.

For these reasons, the Court will deny the motion to remand. An order may be presented.