724 F.Supp. 1255 (1989)
Patty C. KAISER and James Kaiser, Plaintiffs,
v.
MEMORIAL BLOOD CENTER OF MINNEAPOLIS, INCORPORATED; and American Red Cross, Defendants.
No. 3-88 CIV 666.
United States District Court, D. Minnesota, Third Division.
February 7, 1989.
Schwebel, Goetz & Sieben, P.A. by Peter Berge, Minneapolis, Minn., for plaintiffs.
Oppenheimer, Wolff & Donnelly by William P. Studer, St. Paul, Minn., and Arnold & Porter by Luis Bogard, Washington, D.C., for defendant American Red Cross.
Lommen, Nelson, Cole & Stageberg, P.A. by Wendy Weber, Minneapolis, Minn., for *1256 defendant Memorial Blood Center of Minneapolis, Inc.

ORDER
ALSOP, Chief Judge.
The above entitled matter came before the court on plaintiffs' motion to remand. Based upon oral arguments presented to the court on January 17, 1989, the written memoranda submitted by counsel, the record as presently constituted, and the discussion herein, the plaintiff's motion to remand will be denied.
Under 28 U.S.C. § 1441(a), any civil action is removable from state court to this court by the defendant if the court would have original jurisdiction over the action. The plaintiffs and defendants agree that the crux of their dispute is whether 36 U.S.C. § 2[1] confers such original federal subject matter jurisdiction.
The facts which gave rise to the underlying action are inconsequential to the current motion before the court. Suffice it to say that there is no diversity of citizenship, nor is there a "federal question" in that there is no claim or right arising under the Constitution, treaties or laws of the United States. The claim involved is one of state common law negligence. The plaintiffs contend that the charter language found in 36 U.S.C. § 2 can only be read as giving the Red Cross the capacity to litigate. See Fed.R.Civ.P. 17(b). The defendants, on the other hand, argue that the same language confers original jurisdiction on federal courts.
There have been ten federal district court decisions dealing with this precise issue. Five have found that section 2 confers original jurisdiction[2] and five that have found it does not.[3]
After analyzing this interesting issue and recognizing that an order to remand is non-appealable (28 U.S.C. § 1447(d)), the court finds that it has original jurisdiction to hear this case.
The clear language of the charter, together with the Supreme Court decision in Osborn v. National Bank, 22 U.S. (9 Wheat.) 737, 6 L.Ed. 204 (1824),[4] which is still good law, forces this court to recognize that there is original federal jurisdiction. Granted, the Osborn case has been severely criticized by commentators and judges,[5] but it has not been overturned. The court specifically adopts the reasoning and rationale set forth by Judge Gilmore in Anonymous Blood Recipient v. Sinai Hospital, 692 F.Supp. 730 (E.D.Mich.1988).
The plaintiffs point out that after the Osborn case, the "sue or be sued" language (in the banking area) was amended to include statutory language which details *1257 the express grant of original jurisdiction. See 12 U.S.C. § 1819. Likewise, without such a similar statutory language expressly granting original jurisdiction in the American Red Cross charter language, according to the plaintiffs, there could be no conferral of jurisdiction. The court, however, is not persuaded by the plaintiffs' arguments. Title 36 U.S.C. § 2 confers federal jurisdiction.
The undersigned believes that this order involves a controlling question of law as to which there is substantial ground for difference of opinion. 28 U.S.C. § 1292(b). An immediate appeal of this order may materially advance the ultimate termination of this litigation. Id.
Based upon the record as presently constituted, the written submissions of counsel, oral arguments, and the above discussion,
IT IS ORDERED That:
1. Plaintiffs' motion to remand be, and the same hereby is, DENIED;
2. Plaintiffs may make application for appeal under 28 U.S.C. § 1292(b). If appeal is permitted, proceedings herein are stayed until further order.
NOTES
[1] Section 2 of Title 36 provides in pertinent part:

[The American Red Cross shall have] the power to sue and be sued in courts of law and equity, state or federal, within the jurisdiction of the United States;
[2] 1) Anonymous Blood Recipient v. Sinai Hospital, 692 F.Supp. 730 (E.D.Mich.1988); 2) C.H. v. American Red Cross, 684 F.Supp. 1018 (E.D.Mo. 1987) (Harper, J.); 3) Smith v. Curators of the Univ. of Missouri, No. 86-1874C(a), ___ WL ___ (E.D.Mo. April 3, 1987) (Harper, J.); 4) Conway v. St. Louis Childrens Hospital, No. 86-2138C(1), ___ WL ___ (E.D.Mo. July 1, 1988) (Nangle, J.); 5) Evan v. Jewish Hospital of St. Louis, No. 86-1982C(2), 1988 WL 105639 (E.D.Mo. March 28, 1988) (Filippine, J.).
[3] 1) Roche v. American Red Cross, 680 F.Supp. 449 (D.Mass.1988); 2) Griffith v. Columbus Area Chapter of the Am. Red Cross, 678 F.Supp. 182 (S.D.Ohio 1988) (Graham, J.); 3) Jeanne v. The Hawkes Hosp. of Mount Carmel, No. C-2-87-0509, 1988 WL 168542 (S.D.Ohio January 29, 1988) (Graham, J.); 4) Walton v. Howard University, 683 F.Supp. 826 (D.D.C.1987) (Penn, J.); 5) Okoro v. Childrens Hospital, No. 87-2114, 1988 WL 168531 (D.D.C. July 12, 1988) (Greene, J.).
[4] In Osborn, the "sue or be sued ... in every circuit court of the United States" language of its banking charter, with nothing more, was held to confer original jurisdiction. The Supreme Court stated:

"These words seem to the Court to admit but one interpretation. They cannot be made plainer by explanation. They give, expressly, the right to `sue or be sued' `in every Circuit Court of the United States,' and it would be difficult to substitute other terms which would be more direct and appropriate for the purpose." Id. at 817.
[5] C. Wright & A. Miller. Removal, § 3562 (1988); Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113-14, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936).