Jane and John DOE, Plaintiffs,

v.

The AMERICAN RED CROSS, and
Frans Peetoom, Defendants.

Civ. No. 90–1345–JU.

United States District Court,
D. Oregon.

May 8, 1991.

Michael L. Williams, Gayle L. Troutwine, Williams, Troutwine & Bowersox, P.C., Portland, Or., for plaintiffs.

Douglas G. Houser, David R. Foster, Chrys A. Martin, Marilyn E. Litzenberger, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the objection (# 16) of defendant, The American Red Cross, to the order entered by the Honorable George E. Juba, United States Magistrate Judge, granting the motion (# 7) of plaintiffs, Jane and John Doe, to remand this case to the Circuit Court of the State of Oregon for the County of Multnomah.

## BACKGROUND

The Does are residents of the State of Oregon. The American Red Cross is a not-for-profit corporation chartered by the United States Congress. The charter of the American Red Cross provides that it shall have the "power to sue and be sued in courts of law and equity, State or Federal." 36 U.S.C. § 2. Defendant Frans Peetoom, M.D., is a resident of the State of Oregon.

Dr. Peetoom is the Medical Director of Blood Services for the Pacific Northwest Regional Blood Services of the American Red Cross. The Does filed this action in the Circuit Court of the State of Oregon for the County of Multnomah.

The Does allege that on or about March 15, 1985 in the State of Oregon John Doe received a blood transfusion; that the blood used in the transfusion was supplied by the American Red Cross; and that the blood supplied by the American Red Cross was contaminated with the Acquired Immune Deficiency Syndrome (AIDS). The Does allege that as a result of having received the contaminated blood, John Doe contracted AIDS. The Does allege that the American Red Cross is strictly liable for supplying blood which was defective and unreasonably dangerous. In the alternative, the Does allege that the American Red Cross and Dr. Peetoom were negligent in failing to implement an adequate quality control program to detect the presence of the AIDS virus in the blood supplied by the American Red Cross, or were negligent in failing to warn John Doe that the blood he received might be contaminated with the AIDS virus. The Does allege that the negligence of the American Red Cross and Dr. Peetoom resulted in Jane Doe's loss of the consortium of her husband.

In December, 1990, the American Red Cross removed this action to this court. The Does now move to remand this action to state court and for an award of attorney fees. On February 28, 1991, Judge Juba recommended that the Does' motion to remand be granted and the Does' motion for attorney fees be denied.

## CONTENTIONS OF THE PARTIES

The American Red Cross contends that its charter confers original jurisdiction in the federal courts over actions to which it is a party, and that Judge Juba erred in concluding that the American Red Cross failed to meet its burden of establishing that removal of this action to this court is proper.

The Does contend that the American Red Cross failed to establish that removal of this action to this court is proper because 1) the charter of the American Red Cross does not confer original jurisdiction in the federal courts over actions to which the American Red Cross is a party, and there is no other basis on which to find that there is federal subject matter jurisdiction in this action; and 2) even if this court has subject matter jurisdiction under the charter of the American Red Cross, the court should remand this action to state court because of the Does' inseparably dependent and intertwined state court claims against Dr. Peetoom.

## STANDARD OF REVIEW

On an appeal from a non-dispositive order entered by a magistrate, the district court must determine whether the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

## APPLICABLE LAW

28 U.S.C. § 1441(a) governs removal of actions from state courts to federal courts in general. It provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As a rule, an action may be removed from state to federal court only if the action might have been brought in federal court in the first instance. *Roche v. American Red Cross*, 680 F.Supp. 449, 450 (D.Mass.1988). Removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had filed the action in federal court originally. *Id.* " 'The burden of establishing federal jurisdiction rests with the party seeking removal.' " *Id. quoting*

*Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985).

## ANALYSIS AND RULING

1. *Does the charter of the American Red Cross confer federal subject matter jurisdiction over all suits to which the Red Cross is a party?*

The American Red Cross argues that its charter confers federal subject matter jurisdiction over all suits to which the American Red Cross is a party, and therefore this case was properly removed from state court. The American Red Cross bases this contention on that part of its charter which provides that it shall have the "power to sue and be sued in courts of law and equity, State or Federal." 36 U.S.C. § 2.

More than twenty district courts have decided the issue of whether the language of the charter of the American Red Cross creates federal jurisdiction over the American Red Cross or merely grants the American Red Cross the capacity to litigate. The decisions are split almost evenly. Compare *Roche v. American Red Cross* (holding no federal jurisdiction) with *Anonymous Blood Recipient v. Sinai Hospital,* 692 F.Supp. 730, 731–33 (E.D. Mich.1988) (holding that the language creates federal jurisdiction). The only federal court of appeals to consider this issue is the Eighth Circuit, which held that the language of the charter of the American Red Cross grants federal jurisdiction. *Kaiser v. Memorial Blood Center of Minneapolis, Inc.,* No. 89–5533, slip op. at 6 (8th Cir. April 10, 1991).

The landmark case on the construction of "sue and be sued" clauses is *Osborn v. National Bank,* 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). The charter at issue in that case granted the national bank the right "to sue and be sued ... in all state courts having competent jurisdiction, and in any circuit court of the United States." *Id.,* 22 U.S. at 817. The United States Supreme Court held that this language constituted a congressional grant of federal jurisdiction in all cases to which the national bank was a party. *Id.* at 817–18.

*Osborn* holds that a "sue and be sued" clause which expressly allows suits to be filed in federal courts will be construed to confer federal jurisdiction. *Id.* at 818. The charter of the American Red Cross provides that the American Red Cross shall have the power to "sue and be sued in courts of law and equity, State or Federal." 36 U.S.C. § 2. Pursuant to the rule in *Osborn,* this language will be construed to confer federal jurisdiction over actions to which the American Red Cross is a party. This court declines to adopt the ruling of Judge Juba on this issue.

2. *Are the Does' claims against Dr. Peetoom removable and, if not, must this case be remanded to state court?*

28 U.S.C. § 1441(c) governs the removal of claims that are joined with otherwise non-removable claims. It provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court articulated the standard applicable for determining whether a claim which is removable is separate and independent from non-removable claims that are joined in the same petition: "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

Since the court has concluded that the language of the charter of the American Red Cross confers federal subject matter jurisdiction over the Does' claims against the American Red Cross, the Does' claims against the American Red Cross are removable from state court to this court. There is no independent basis upon which to find federal subject matter jurisdiction over the Does' claims against Dr. Peetoom.

The Does identify a single wrong for which they seek relief: the contamination of the blood of John Doe with the AIDS virus. Pursuant to the rule in *American Fire & Casualty Co.*, the claims against the American Red Cross and Dr. Peetoom are not separate and independent under section 1441(c). *See C.H. v. American Red Cross,* 684 F.Supp. 1018, 1025 (E.D.Mo.1987).

This case was improperly removed. The clerk is directed to remand this case to the Circuit Court of the State of Oregon for the County of Multnomah for further proceedings. The Does' motion for fees is denied.

## CONCLUSION

The Does' motion to remand (# 7) is granted. The Does' motion for fees (# 7) is denied.