Patty C. **KAISER** and James Kaiser, Appellants,

v.

**MEMORIAL BLOOD CENTER OF MINNEAPOLIS, INCORPORATED; and American Red Cross, a Minnesota corporation, Appellees.**

No. 89–5533.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided April 10, 1991.

Ordered Published June 20, 1991.

Sharon Van Dyck, Minneapolis, Minn., for appellants.

Kay Nord Hunt, Minneapolis, Minn., and Louis Bograd, Washington, D.C. (William Studer and Patrick Diamond, St. Paul, Minn., Bruce Chadwick, Marie O'Connell and Karen Lipton, Washington, D.C., on brief), for appellees.

McMILLIAN and BOWMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

### ORDER FOR CERTIFICATION

McMILLIAN, Circuit Judge.

This appeal involves application of Minnesota statutes of limitations in a new context. Plaintiffs Patty C. Kaiser and James Kaiser, wife and husband, appeal from a final order entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of defendants Memorial Blood Center of Minneapolis, Inc. (Memorial), and the American Red Cross (Red Cross). *Kaiser v. Memorial Blood Center of Minneapolis, Inc.*, 721

F.Supp. 1073 (D.Minn.1989). For reversal, plaintiffs raise jurisdiction and statute of limitations issues. Because federal jurisdiction is a threshold issue, it was necessary to resolve that issue, and we hold that there is federal jurisdiction pursuant to the Red Cross charter. However, for the reasons discussed below, we have decided to certify certain questions to the Minnesota Supreme Court, pursuant to the Minnesota certification provisions, Minn.Stat.Ann. § 480.061 (West Supp.1990).

### BACKGROUND FACTS

The historical facts are not in dispute, and the following factual statement is taken in large part from the district court's orders. The Kaisers are Minnesota residents. Dr. Jeffrey McCullough is the director of blood services for the St. Paul Region of the Red Cross. He is a licensed physician and he is certified in the specialty of clinical pathology and in the subspecialty of blood banking. The St. Paul Region employs five other licensed physicians. These physicians advise other doctors about transfusions and supervise the nurses and other medical personnel who collect and screen the blood and blood components.

Memorial is licensed by the Food and Drug Administration, the Centers for Disease Control and the Health Care Finance Administration. Its director, Dr. Herbert F. Polesky, is a licensed physician who, like Dr. McCullough, is certified in the specialty of clinical pathology and the subspecialty of blood banking. Memorial employs nurses and laboratory technicians to perform the various procedures required in blood banking.

On November 4, 1984, Patty Kaiser underwent surgery at a local hospital. After surgery she experienced internal bleeding and received two units of packed red blood cells on November 8, 1984. The blood components used in her transfusion had been collected by the St. Paul Region of the Red Cross. The Red Cross sent the units to

---

**1.** The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

Memorial which reconfirmed the blood group and type and stored them until their delivery to the hospital. Patty Kaiser recovered from the surgery and was released from the hospital on November 12, 1984.

During the spring of 1987 Patty Kaiser saw a television program that advised persons who had received blood transfusions to be tested for the human immunodeficiency virus (HIV). HIV causes acquired immune deficiency syndrome (AIDS). She had her blood tested and on April 7, 1987, she was told that she was HIV-positive.

## DISTRICT COURT PROCEEDINGS

On September 1, 1988, plaintiffs filed this negligence action in state court against Memorial and the Red Cross alleging that Patty Kaiser had contracted HIV as a result of the blood transfusion she received on November 8, 1984. They alleged that Memorial and the Red Cross knew about AIDS and therefore had a duty to protect the recipients of blood and blood products from that threat. Plaintiffs alleged Memorial and the Red Cross should have accepted only donors at low risk for AIDS, screened blood collected for HIV, and warned other members of the medical profession and the general public about the risk of AIDS transmission through blood and blood products. The Red Cross removed the case to federal district court on the grounds that the Red Cross charter, 36 U.S.C. § 2, conferred federal subject matter jurisdiction. Plaintiffs sought remand on the grounds that the charter merely gave the Red Cross the capacity to litigate. The district court denied the motion to remand, holding that the Red Cross charter did confer federal subject matter jurisdiction. *Kaiser v. Memorial Blood Center of Minneapolis, Inc.,* 724 F.Supp. 1255, 1256 (1989), *citing Anonymous Blood Recipient v. Sinai Hospital,* 692 F.Supp. 730 (E.D.Mich.1988).

The Red Cross then moved for summary judgment on the grounds that, for statute of limitations purposes, independent blood banks are "health care professionals" and, as such, negligence actions against them are governed by the two-year statute of limitations set forth in Minn.Stat.Ann.

§ 541.07(1) (West Supp.1990). Memorial joined the motion for summary judgment filed by the Red Cross and also moved for summary judgment on the grounds that it was not negligent because it had complied with all blood banking industry regulations and standards in effect in 1984. Plaintiffs opposed the motions for summary judgment. The district court held that the two-year statute of limitations for medical malpractice actions, Minn.Stat.Ann. § 541.07(1), was applicable to plaintiffs' action against the Red Cross and Memorial. 721 F.Supp. at 1075–76. The district court also held that the two-year statute of limitations was not tolled by the special discovery exception adopted by the Minnesota Supreme Court in *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45, 52 (Minn.1982) (banc), for asbestos-related wrongful death actions. 721 F.Supp. at 1077. The district court granted summary judgment in favor of the Red Cross and Memorial on statute of limitations grounds, and this appeal followed.

## ORIGINAL FEDERAL JURISDICTION

■ The threshold issue is federal jurisdiction. "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Alumax Mill Products, Inc. v. Congress Financial Corp.,* 912 F.2d 996, 1002 (8th Cir.1990) (citation omitted); *see Lewis v. Windsor Door Co.,* 926 F.2d 729, 731 (8th Cir.1991). Plaintiffs first argue the district court erred in holding that the Red Cross charter granting it the power to sue and be sued in state and federal courts conferred original federal jurisdiction and that the Red Cross was thus entitled to remove their action to federal court under 28 U.S.C. § 1441(a). In plaintiffs' view, the Red Cross charter language only granted the Red Cross the capacity to litigate and did not grant original federal jurisdiction. More than twenty district courts have decided this precise issue, and they have split almost evenly. *Compare Roche v. American Red Cross,* 680 F.Supp. 449 (D.Mass. 1988) (holding no federal jurisdiction), *with*

*Anonymous Blood Recipient v. Sinai Hospital*, 692 F.Supp. at 731–33 (Gilmore, J.) (holding there is federal jurisdiction). Here, the district court held there was federal jurisdiction and adopted the analysis in *Anonymous Blood Recipient v. Sinai Hospital. Kaiser v. Memorial Blood Center of Minneapolis, Inc.*, 724 F.Supp. at 1256.

We also find Judge Gilmore's analysis persuasive. The landmark case on the construction of "sue and be sued" clauses is *Osborn v. President, Directors and Co. of the Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). The national bank charter gave the bank the right to "sue and be sued ... in all state courts having competent jurisdiction, and in any circuit court in the United States." The Supreme Court, per Chief Justice Marshall, held that this language was a congressional grant of federal jurisdiction in all cases in which the national bank was a party. *Id.* at 817–18. *But cf. Bankers Trust Co. v. Texas & Pacific Ry.*, 241 U.S. 295, 302–06, 36 S.Ct. 569, 569–71, 60 L.Ed. 1010 (1916) (holding similar railroad charter conferred capacity to litigate only). Later, in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 455, 62 S.Ct. 676, 678, 86 L.Ed. 956 (1942), the Supreme Court construed a similar, although admittedly more specific, "sue and be sued" clause in the Federal Deposit Insurance Corp. (FDIC) charter to confer federal jurisdiction. The FDIC charter authorized it to "sue or be sued" "in any court of law or equity, State or Federal." *Id.* at 455, 62 S.Ct. at 678. The Red Cross charter expressly grants the Red Cross "the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 2. This language contains a specific reference to the federal courts and is comparable to that in both the national bank charter and the FDIC charter. *See also Anonymous Blood Recipient v. Sinai Hospital*, 692 F.Supp. at 733 (citing legislative history of 1947 charter amendment as additional basis supporting federal jurisdiction). Accordingly, we hold the sue and be sued clause in the Red Cross charter grants federal jurisdiction.

## STATUTE OF LIMITATIONS

■ Plaintiffs next argue the district court erred in granting summary judgment against them on the grounds that their claims were barred by the two-year statute of limitations applicable to actions against "health care professionals," Minn.Stat.Ann. § 541.07(1). Plaintiffs argue that Minn. Stat.Ann. § 541.07(1) refers only to individuals and certain institutions and that blood banks are neither individuals nor one of the specified institutions. Alternatively, plaintiffs argue that even if the two-year statute of limitations applies, the district court erred in holding that the running of the statutory period was not tolled until Patty Kaiser discovered that she was HIV-positive. Plaintiffs argue that Minnesota courts would extend to HIV cases the special discovery exception adopted by the Minnesota Supreme Court in *DeCosse v. Armstrong Cork Co.*, 319 N.W.2d at 52, for asbestos-related wrongful death actions.

It is clear in the present case that Minnesota law applies, but which statute of limitations applies is uncertain. Moreover, if the two-year statute of limitations is applicable, as the district court found, it is uncertain whether the Minnesota courts would toll the running of the statutory period in this context, that is, HIV infection. The application of statutes of limitations are questions of law and public policy of particular interest to the courts of Minnesota. In the absence of controlling precedent in the decisions of the Minnesota Supreme Court which would enable this court to reach a sound decision without indulging in speculation or conjecture, we believe the better practice is to seek a definitive resolution of these state law questions by the Minnesota Supreme Court.

Accordingly, having determined that we have jurisdiction over this case, we certify the following questions for the decision to the Minnesota Supreme Court.

(1) Whether the two-year statute of limitations, Minn.Stat.Ann. § 541.07(1), or the six-year statute of limitations, *id.* § 541.05, applies to actions alleging neg-

**94**

ligence on the part of blood banks in the screening of blood or blood products?

(2) If the two-year statute of limitations applies to negligence actions against blood banks, is the running of the statutory period in cases alleging HIV-infection tolled by application of the special discovery exception for asbestos-related wrongful death actions adopted in *DeCosse v. Armstrong Cork Co.?*

The entire record in this case, including this order, the memorandum opinions and orders of the district court, together with copies of the briefs of the parties and appendices, are transmitted to the Minnesota Supreme Court.[2]

---

2. As was aptly noted in *Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968),

   [t]he particular phrasing used in the certified questions is not to restrict the Supreme Court's consideration of the problems involved and issues as the Supreme Court perceives them to be in its analysis of the record

certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.