ELIAS W. BUTKOVICH, d.b.a. ARTCRAFT
PRINTERS AND LITHOGRAPHERS, v.
PAUL Q. O'LEARY AND ANOTHER.

225 N. W. 2d 847.

January 31, 1975—No. 44627.

*Elias W. Butkovich,* pro se, for appellant.

*Hanft, Fride, O'Brien & Harries* and *William P. O'Brien,* for respondents.

Heard before Rogosheske, Kelly, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

The sole question presented on this appeal is whether the trial judge abused his discretionary authority in denying plaintiff's motion to set aside his voluntary pretrial dismissal of this action instituted by plaintiff against defendants. The action, commenced by plaintiff in 1970, sought money damages from defendants upon allegations that they had fraudulently and negligently misadvised him to settle a prior legal malpractice claim he had asserted against two other Minnesota attorneys.[1] Plaintiff, representing himself, settled the prior malpractice claim for $13,000. Later, being dissatisfied with the settlement, he sought to have it set aside. When this proved unsuccessful, he commenced this action against defendants.

---

[1] The prior malpractice claim arose out of an action commenced by plaintiff in Federal District Court in Detroit, Michigan, against a Detroit company alleging fraud and breach of warranty in the sale of printing equipment. The defendant company asserted a counterclaim for $20,000, the purchase price of the equipment. Plaintiff's attorney failed to appear at the time the case was called for trial, resulting in a default judgment being entered against plaintiff for the amount of defendant company's counterclaim.

Continuing to act pro se, plaintiff conducted depositions, served interrogatories, and otherwise managed preparation for trial. On May 29, 1973, the case was called for trial. Prompted by plaintiff's pro se appearance at trial, and the trial judge's concern that plaintiff understand trial procedures, the parties, including defendants' counsel, agreed to an off-the-record discussion to seek possible stipulation of facts and to simplify issues. After an all-morning meeting and intervening lunch, plaintiff, without disclosing his reasons therefor, informed defendants' counsel of his desire to dismiss the suit with prejudice and on the merits. Dismissal was thereafter entered upon the minutes in open court. The record makes clear that plaintiff at the time of his dismissal acted voluntarily and understood its effect. The next day plaintiff wrote the trial judge, explaining his wife's anxiety and illness were the reasons for his dismissal and inquiring whether it was too late to have "some compensation paid" for the dismissal. The motion to set aside the dismissal followed. On appeal from the refusal to reopen, plaintiff contends that his dismissal was improvident, prompted by the illness of his wife, and the lack of aid and advice of counsel.[2]

It is fundamental that a dismissal "with prejudice and on the merits" is, by its explicit terms, a final determination and is equivalent to an adjudication on the merits. Nevertheless, a dismissal may be set aside for fraud, collusion, mistake of fact or law, or, as pertinent to this case, where in the discretion of the trial court it is established that the dismissal was improvidently made and in equity and good conscience should not be allowed to stand. See, Keller v. Wolf, 239 Minn. 397, 58 N. W. 891 (1953). Factors to be considered by the trial judge in the exercise of his discretion are whether a proper legal cause is shown, whether the action is established as meritorious, and whether significant prejudice to the adverse party will result. Rodgers v. United States & Dominion Life Ins. Co. 127 Minn. 435, 149 N. W. 671 (1914). A refusal of a trial court to set aside a dismissal can only be reversed by this court for an abuse of judicial discretion. Schoenfeld v. Buker, 262 Minn. 122, 114 N. W. 2d 560 (1962); Ryan v. Ryan, 292 Minn. 52, 193 N. W. 2d 295 (1971). The reasons for the trial judge's refusal to set aside this dismissal are summarized in his memorandum accompanying the order:

[2] Plaintiff also argued before the trial court and here that his motion to set aside the dismissal should have been granted by default because defendants' counsel failed to appear when the matter was first called for hearing and came only after a reminder telephone call to defendants' counsel from the presiding judge. We find no legal merit to this argument.

"All of the proceedings in the Court House in Hibbing on May 29, 1973 leading up to the Dismissal were observed by this Court, and nothing contained in the accounts of such proceedings gave rise to any suspicion or evidence of fraud, overreaching, or undue influence upon or against this plaintiff which might have induced him to dismiss his action with prejudice. The only substantial argument made by plaintiff as a reason for his Dismissal was that his wife was ill, even though present, and prevailed upon him to do so. Certainly, this fact in no way constitutes sufficient grounds for setting aside an otherwise knowledgeable decision of an individual acting as his own attorney."

Applying the settled rules governing this court's limited scope of review of the type of order presented, our careful examination of the entire record compels the conclusion that the trial court's denial of plaintiff's motion cannot be said to be an abuse of discretion. The record amply justifies the trial court's rejection of plaintiff's contentions.

Affirmed.