Gladys and Jacob TACKLESON,
Respondents,

v.

ABBOTT–NORTHWESTERN
HOSPITAL, INC.,
Defendant,

Melody LaFrance, Debra Meyer and
Sharon Dingmann (Sharon
Hapenny), Appellants.

No. C9–87–1154.

Supreme Court of Minnesota.

Dec. 11, 1987.

Rebecca Egge Moos, Charles E. Lundberg, Minneapolis, for appellants.

John C. Goetz, Minneapolis, for respondents.

## OPINION

YETKA, Justice.

This case comes before the court as a certified question arising out of a denial of the summary judgment motion brought by defendant nurses, Melody LaFrance, Debra Meyer and Sharon Dingmann (Sharon Hapenny). The present appeal is made only by the nurses and does not involve the hospital.[1]

The plaintiffs, Gladys and Jacob Tackleson, sued all of the named defendants, claiming negligent care. The complaint alleges that, on or about September 17, 1980, Gladys Tackleson was admitted to Abbott–Northwestern Hospital. On September 19, 1980, while hospitalized, she fell and fractured her ankle. On January 19, 1983, the Tacklesons commenced a negligence lawsuit against the hospital. The Tacklesons were later allowed to amend their complaint to include the nurses. The amended complaint was served, and the nurses answered, denying liability and asserting the statute of limitations as an affirmative defense.

The nurses brought a joint motion for summary judgment on the ground that the action was barred by the 2–year statute of limitations contained in Minn.Stat. § 541.07(1) (1980). This motion was opposed on the ground that the 6–year period contained in section 541.05, subd. 1(5) applied to the claim against the nurses because nurses were not specifically mentioned in the 1980 version of section 541.-07(1). In 1982, section 541.07(1) was

---

1. Plaintiffs' claim against the hospital was dismissed as time-barred under Minn.Stat. § 541.07(1) (1980). An appeal of that dismissal was taken to the court of appeals, which affirmed in *Tackleson v. Abbott–Northwestern Hosp., Inc.,* 415 N.W.2d 733 (Minn.App.1987).

amended to include nurses specifically. The nurses argue that the prior version of section 541.07(1) should be read to include them by implication. The trial court denied their motion, holding that the 6–year statute applied, but determined that the issue was important and doubtful and requested certification.

The question certified by the trial court is as follows:

> Whether the 6–year statute of limitations, Minn.Stat. § 541.05(5), or the 2–year statute of limitations, Minn.Stat. § 541.07(1), applies to a claim of negligent care and supervision against nurses which arose prior to the 1982 amendment to Minn.Stat. § 541.07(1).[2]

We hold that the 2–year statute applies.

At the time the facts of this case arose, section 541.07(1) imposed a 2–year limitation in:

> all actions against physicians, surgeons, dentists, hospitals, sanitoriums, for malpractice, error, mistake or failure to cure, whether based on contract or tort * * *.

In 1982, the statute was amended to broaden the groups expressly covered. The statute now provides a 2–year limitation period in:

> all actions against physicians, surgeons, dentists, *other health care professionals as defined in § 145.61, and veterinarians as defined in Chapter 156,* hospitals, sanitoriums, for malpractice, error, mistake or failure to cure, whether based on contract or tort * * *.

Minn.Stat. § 541.07(1) (1986) (emphasis added). The amended statute applies only to causes of action arising on or after the date of the enactment. 1982 Minn.Laws, ch. 546, § 3.

As amended in 1982, section 541.07(1) expressly applies a 2–year limitation period to nurses. However, we must construe section 541.07(1) as it existed in 1980 since the events leading to this suit arose prior to the 1982 amendments.

The nurses argue that they should be protected by the 1980 version because the term "hospital" should be construed to include employees of hospitals. The trial court disagreed, based on *Underhill v. Knox,* 355 N.W.2d 742 (Minn.App.1984), and held that the 6–year statute applied. We do not agree that *Underhill* applies to this case.

In *Underhill,* the court of appeals was faced with a claim against a chiropractor under the pre–1982 statute of limitations. The court held that "chiropractor" could not be read into the statutory term "physician." *Id.* at 744. Consequently, the 6–year statute was applied. The court of appeals reasoned that the different licensing statutes of physicians and chiropractors indicated a legislative intent not to include chiropractors before 1982. *Id.* at 744–45.

However, *Underhill* is distinguishable from the present case. Here, we are not determining if a nurse is impliedly protected under the statutory term "physician." Clearly, they cannot be. Rather, the inquiry in this case is whether nurses, as employees of hospitals, should be protected by the limitation period applicable to actions against the hospital.

We believe that nurses should be so protected by implication. Generally, a hospital will be held liable only through the negligence of its employees on a theory of *respondeat superior. See Quick v. Benedictine Sisters Hosp. Ass'n,* 257 Minn. 470, 479, 102 N.W.2d 36, 43 (1960) (hospital liable for nurse's negligent conduct). We do not believe that the legislature intended to impose a 2–year period for suit against a hospital and, at the same time, impose a 6–year period for suit against the hospital's nurses for the very same conduct. We see no logical basis for having two different time periods for a nurse's conduct depending on whether suit is brought against the nurse or the hospital where the nurse is employed.

**2.** We note with pleasure that the trial judge issued findings of fact for the purpose of this appeal and formulated the question in proper form. *See Duxor Inv. Aktiengesellschaft v. Inv. Rarities, Inc.,* 413 N.W.2d 502 (Minn.1987).

We believe this holding is sound for a number of reasons. First, the Arkansas Supreme Court affirmed summary judgment in favor of various hospital employees under a statute of limitations virtually identical to the 1980 version of section 541.-07(1). *See Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543, 543–44 (1976).

Second, we do not believe that the 1982 statutory addition of health care professionals, expressly including nurses, to section 541.07(1) means that nurses were not implicitly covered before. Rather, in regard to nurses, this amendment merely clarified the already existing law. This is made clear when one examines the amendment closely. The amending language broadly refers to the licensing statutes. Because the amending language is so broad, it includes groups who were already expressly within the protection of the 2–year statute even prior to the amendment. This tends to indicate that, with regard to nurses, the legislature was merely clarifying the existing law.

This intent to clarify is made clear when examining the statute of limitations for wrongful death resulting from medical negligence. Minn.Stat. § 573.02, subd. 1 (1986). The 1980 version of that statute (which has, in pertinent part, remained unchanged) states:

> An action to recover damages for a death caused by the alleged professional negligence of a physician, surgeon, dentist, hospital or sanitorium, *or an employee of a physician, surgeon, dentist, hospital or sanitorium shall be commenced within the time set forth in section 541.-07, subdivision 1.*

(Emphasis added.) This statute was construed in *Kanter v. Metropolitan Medical Center*, 384 N.W.2d 914 (Minn.App.1986), which applied the statute to a wrongful death claim against a nurse and a hospital. There can be no doubt, based on the statute and *Kanter*, that the legislature intended the 2–year period found in section 541.-07(1) to apply to nurses in wrongful death claims.

It seems a little odd, therefore, that section 541.07(1) should demand a different result when the patient lives. While wrongful death is a separate and distinct right of action, it is intended to provide redress in those actions where the decedent could have maintained the action had he lived. *See* Minn.Stat. § 573.02, subd. 1 (1986). Both before and after 1982, the legislature clearly indicated that all medically related wrongful death claims, including those against nurses, should be governed by section 541.07(1). Its use of the same statute indicates a legislative goal to provide uniform coverage in all cases whether the patient lives or dies. Consequently, the 1982 amendment to section 541.07(1), at least as it relates to nurses, merely clarified the rule to express a result that was already intended.

We hold that claims of negligent care and supervision against nurses which arose prior to 1982 are governed by the 2–year statute of limitations contained in section 541.07(1).

Reversed and the certified question is answered in favor of the application of Minn.Stat. § 541.07(1) (1980).

AMDAHL, C.J., took no part in the consideration or decision of this matter.