**Patty C. KAISER and James Kaiser, Plaintiffs,**

v.

**MEMORIAL BLOOD CENTER OF MINNEAPOLIS, INCORPORATED; and The American National Red Cross, a Minnesota Corporation, Defendants.**

**No. 3–88 CIV 666.**

United States District Court, D. Minnesota, Third Division.

Sept. 26, 1989.

Sharon Van Dyck, Schwebel, Goetz and Sieben, Minneapolis, Minn., for plaintiffs.

William P. Studer, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., for Red Cross.

Phillip Cole, Lommen, Nelson, Cole & Stageberg, Minneapolis, Minn., for Memorial Blood Center.

### ORDER

ALSOP, Chief Judge.

This action comes before the court on the motions of Memorial Blood Center of Minneapolis ("Memorial") and the American National Red Cross ("Red Cross") for summary judgment. Both defendants claim that this action is barred by the applicable statute of limitations. Additionally, Memorial requests summary judgment on the grounds that it was not negligent because it complied with all regulations and standards of the blood banking industry in effect in 1984. For the reasons stated below, summary judgment will be granted to both defendants on the basis of the statute of limitations.

## I. STANDARD FOR SUMMARY JUDGMENT

The Supreme Court has reaffirmed summary judgment as a tool to isolate and dispose of claims or defenses which are either factually unsupported or which are based on undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hegg v. United States*, 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The test for whether there is a genuine issue over a material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512; *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir.1987). Second, any dispute over material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Without such submissions, summary judgment will be granted in favor of the moving party.

## II. UNDISPUTED FACTS AND CLAIMS OF THE PARTIES

Jeffrey McCullough, M.D., is the Director of Blood Services for the St. Paul Region of the American Red Cross Blood Services. American Red Cross Blood Services is licensed by the Federal Food and Drug Administration. Dr. McCullough is a licensed physician, certified in the specialty of clinical pathology and in the subspecialty of blood banking. The St. Paul Red Cross employs five other physicians licensed to practice in Minnesota. Part of the responsibilities of these physicians is to advise other doctors regarding transfusions for particular individuals. Collection and screening of the blood and its components is performed by nurses and other medical personnel under the supervision of these physicians.

Memorial is licensed by the Food and Drug Administration, the Center for Disease Control, and The Health Care Finance Administration. The Director of Memorial is Herbert F. Polesky, M.D. He also is a physician licensed to practice in Minnesota and holds a specialty in clinical pathology and a subspecialty in blood banking. Dr. Polesky, as Director of Memorial, establishes the scientific and medical policies of Memorial to comply with federal regulations and industry guidelines. Memorial employs registered nurses and other skilled and trained laboratory technologists to perform the various procedures in the blood banking process.

On November 8, 1984, Patty Kaiser underwent a tubal ligation at Fairview Southdale Hospital. After the surgery, she experienced internal bleeding and received two units of packed red blood cells to replace the lost blood. The blood components used in Ms. Kaiser's transfusion had been collected by the St. Paul Region of the Red Cross. The Red Cross delivered the two units of blood cells to Memorial, which stored them until they were delivered to Fairview Southdale for transfusion. Ms. Kaiser's hemoglobin level returned to normal after the transfusion and she was released from the hospital on November 12, 1984.

In the spring of 1987 Ms. Kaiser had her blood tested and discovered she tested positive for the human immunodeficiency virus ("HIV"), which is the causative agent for the acquired immune deficiency syndrome ("AIDS"). The Kaisers commenced this lawsuit against the Red Cross and Memorial in early September, 1988. In this suit, they allege that Patty contracted the HIV as a result of the transfusions she received on November 8, 1984. Their claims against the defendants are predicated on the fact

that the defendants knew of the AIDS threat and had a duty to protect the recipients of their blood and blood products from that threat. This duty should have led defendants to:

1. Select donors offering the least possible risk of blood contaminated by the causative agent for AIDS;
2. Screen the blood collected for the presence of the HIV; and
3. Warn other members of the medical profession and the general public of the risk of disease transmission through blood and blood products.

The defendants claim that they are health care professionals being sued in their professional capacity, and as such, the actions against them are governed by the two year statute of limitations set forth in Minn.Stat. § 541.07(1). Plaintiffs oppose defendants' motions. They claim that blood banks are not included in those institutions governed by section 541.07(1)'s two year statute of limitations. Alternatively, they claim that if the applicable statute of limitations is two years, the statute should be tolled in transfusion cases in a manner similar to the rule for asbestos cases laid out in *DeCosse v. Armstrong Cork Co.*, 319 N.W.2d 45 (Minn.1982).

## III. ANALYSIS

■ Minn.Stat. § 541.07(1) (1988) provides a two year statute of limitations for:

[A]ll actions against physicians, surgeons, dentists, other health care profes-

sionals as defined in section 145.61, and veterinarians as defined in chapter 156, hospitals, sanitariums, for malpractice, error, mistake or failure to cure, whether based on contract or tort....

"Health care professionals" are ostensibly defined in section 145.61(2) and (4). Section 145.61(2) says that:

"Professional" means a person licensed or registered to practice a healing art under chapter 147 or 148, to practice dentistry under chapter 150A, to practice as a pharmacist under chapter 151, or to practice podiatry under chapter 153.[1]

Section 145.61(4) states that:

"Health care" means professional services rendered by a professional or an employee of a professional and services provided by a hospital, sanitarium, nursing home, or other institution for the hospitalization or care of human beings.

The parties for both sides have made various arguments as to why blood banks should or should not be included as health care professionals for the purposes of section 541.07(1).[2] Plaintiffs have argued a blood bank is not an individual, that it is not listed as an institution covered by the statute, and that it is illogical to consider blood banks health care professionals because they provide no direct care to a recipient.[3] Defendants contend that Red Cross and Memorial are obviously health care professionals, and that it would be inequitable to treat independent blood banks differently from a blood bank affiliated

---

1. Chapters 147 and 148 referred to are the licensing provisions for physicians, surgeons, osteopaths, chiropractors, registered nurses, midwives, optometrists, physical therapists, and psychologists.

2. Section 541.07(1) specifically refers to "health care professionals" as defined in section 145.61. What is troublesome about this referral is that the entire term "health care professional" is *not* defined in section 145.61. "Professional" is defined in subdivision 2, and refers to individuals. "Health care" is defined in subdivision 4, and refers to a service or an act. It is impossible to just combine these two definitions to define a "health care professional." However, when reading sections 541.07(1) and 145.61 together, one can come up with a sense of what was intended. Section 541.07(1) first refers to "phy-

sicians, surgeons, dentists, other health care professionals ... and veterinarians." Physicians, surgeons, dentists, and veterinarians are all individuals. After "veterinarian" are listed hospitals and sanitariums, which are institutions. From its placement alone therefore, it would appear that "other health care professionals" also refers to individuals, in this case the individuals referred to in section 145.61(2).

3. This last contention is belied by the fact that plaintiffs premise their entire allegations on the fact that blood banks have a duty to the possible recipients of the blood or blood products. The allegation of duty points to the fact that blood banks do have a relationship with the recipients of their products, even without direct contact between the blood bank and the eventual recipient.

with a hospital or to give a blood bank less of a "health care status" than is given a veterinarian.

The court appreciates the arguments and analogies offered by both sides in attempting to grapple with a situation which was probably not considered by the legislature in drafting these statutes. However, section 541.07(1)'s application to this case may be determined by what groups it includes expressly, without speculating as to what it should include. Two groups which are undoubtedly covered by section 541.07(1) are doctors and nurses. Therefore, the first inquiry ought to be whether this action is bottomed on the negligence of these health care professionals.

As with any institution, the tangible activities performed by the Red Cross and Memorial are performed by people who either are employed by or represent the institution. In the instant case, the individuals responsible for the defendant institutions are health care professionals. The director of the Red Cross is a licensed physician with a subspecialty in transfusion medicine. The Red Cross employs five other physicians and the collection and screening of the blood and blood products is performed by personnel supervised by these physicians. In addition, the physicians from the Red Cross provide advice to other physicians regarding transfusions for particular patients. Similarly, the director of Memorial is also a licensed physician who establishes the scientific and medical policies for Memorial. Memorial's collection and screenings are also performed by nurses and other trained personnel.

The complaint alleges that the defendants were negligent in their choosing of donors, screening of blood, and their failure to warn. Given these claims, it is clear that any alleged negligent acts or omissions on the part of the defendants occurred through its doctors or nurses who were responsible for setting the blood banks' policies and carrying out its activities. Even though the complaint alleges this negligence was on the part of the Red Cross and Memorial, the liability of the corporate defendants is predicated on a theory of respondeat superior.

In Minnesota, a valid statute of limitations defense by an employee is also a defense to a respondeat superior claim against the employer. In *Grondahl v. Bulluck*, 318 N.W.2d 240, 244 (Minn.1982) the Supreme Court held that an action against the Duluth Clinic based on the actions of one of its doctors was barred because the statute of limitations had expired as to the doctor. Similarly, in *Koderick v. Snyder Bros. Drug, Inc.*, 413 N.W.2d 856 (Minn.Ct.App.1987), the plaintiff sued as defendant a corporate pharmacy. The court held that the statute of limitations barring an action against the employee pharmacist also barred a claim against the corporate employer. Another case with a different scenario, but exhibiting the same policy, is *Tackleson v. Abbott–Northwestern Hospital, Inc.*, 416 N.W.2d 454 (Minn. 1987). In that case the court held that the nurses who were being sued could use the statute of limitations defense of the hospital they worked for. The court reasoned that since hospitals are generally liable only through the acts of their employees, it would be inequitable to bar an action against a hospital, but allow it to go forward against the nurses for the very same conduct.

In this case as well, plaintiffs will not be allowed to ignore the individual actors and proceed directly against the corporate employer. Because the negligence complained of consists of the actions or inactions of health care professionals, Red Cross and Memorial may take advantage of the statute of limitation defense which is available to those individuals. This resolution comports with the policy considerations put forth by the defendants. In essence, it treats these independent blood banks the same as a blood bank affiliated with a hospital would be treated and it recognizes the important place and function of blood banks in our state's overall health care system.

Plaintiffs' final argument is that even if section 541.07(1) applies, a rule similar to that set out in *DeCosse v. Arm-*

*strong Cork* should be used to toll the statute of limitations in HIV–AIDS cases. The court acknowledges that Patty Kaiser may have had no reason to suspect she had contracted the HIV within two years of her transfusion. The court is also mindful of the severity of Patty Kaiser's injuries and the worry and suffering she may endure in the future through no fault of her own. It is only normal to desire to help and give some recompense to the Kaisers in an attempt to ease their suffering. Nonetheless, the general rule in Minnesota is that the statute of limitations begins to run for a malpractice claim when treatment is terminated. *Johnson v. Winthrop Laboratories,* 291 Minn. 145, 190 N.W.2d 77 (1971). This court cannot graft an exception onto this longstanding rule when Minnesota courts have not done so. The court must, therefore, use the general Minnesota termination of treatment rule for statute of limitation purposes. The treatment rendered Ms. Kaiser terminated in November of 1984. Accordingly, plaintiffs' action commenced in September of 1988 is time barred according to Minn.Stat. § 541.07(1).

Given the court's decision on the statute of limitation question, it is unnecessary to discuss Memorial's summary judgment motion regarding the negligence claim.

Based on the foregoing, the oral arguments of counsel, and the entire file as presently constituted,

IT IS HEREBY ORDERED That:

1. Defendant American National Red Cross's motion for summary judgment is GRANTED;

2. Defendant Memorial Blood Center of Minneapolis's motion for summary judgment on the issue of the statute of limitations is GRANTED;

3. The Clerk of Court is directed to enter judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED That plaintiffs' complaint against the American National Red Cross and Memorial Blood Center of Minneapolis is dismissed in its entirety and with prejudice and that plaintiffs Patty C. and James Kaiser have and recover nothing by their action.