Linda RADEMACHER, Appellant,

v.

Chris P. TOUNTAS, M.D., Defendant,

Minnesota Hand Rehabilitation, Inc., et al., Respondents,

Michelle Reiner, Respondent.

No. C4-91-479.

Court of Appeals of Minnesota.

Sept. 10, 1991.

Review Granted Dec. 9, 1991.

for Minnesota Hand Rehabilitation, Inc., et al.

Mark J. Condon, Chadwick, Johnson & Condon, Minneapolis, for Michelle Reiner.

Considered and decided by CRIPPEN, P.J., and SHORT and LOMMEN,* JJ.

## OPINION

CRIPPEN, Judge.

The trial court dismissed appellant's medical malpractice action against respondents, an occupational therapy provider and its occupational therapist employees. The court applied the two-year statute of limitations for actions brought against health care professionals. Because we conclude that respondents are not health care professionals as defined in the two-year statute of limitations, we reverse and remand.

## FACTS

Appellant Linda Rademacher was injured in 1987. Appellant was treated by defendant Dr. Chris Tountas who referred her for occupational therapy to respondents Michelle Reiner and Amy Osendorf, occupational therapists employed by respondent Minnesota Hand Rehabilitation. Tountas is the sole shareholder of Minnesota Hand. Appellant received therapy from respondents until Nov. 11, 1987, and terminated her treatment with Tountas no later than February 15, 1988.

Appellant brought this medical malpractice action on February 14, 1990. It is undisputed that her suit against Tountas complied with the applicable statute of limitations. Respondents moved for summary judgment, claiming appellant's action against them is untimely because they are protected by the two-year statute of limitations for actions brought against health care professionals. Minn.Stat. § 541.07(1) (1986).

The trial court granted respondents' motion, concluding that respondents were

Marcy S. Wallace, Charlotte M. Reed, McNulty & Wallace, St. Paul, for Linda Rademacher.

Patrick H. O'Neill, Jr., Robert Mahoney, Geraghty, O'Loughlin, & Kenney, St. Paul,

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

health care professionals and thus covered by the two-year statute.

### ISSUES

1. Did the trial court err in applying the two-year statute of limitations to an action brought against occupational therapists?

2. Did the trial court err by finding that respondent occupational therapists were employees of Dr. Tountas?

3. Did the trial court abuse its discretion by refusing to vacate appellant's voluntary dismissal?

### ANALYSIS

■ 1. On appeal from a summary judgment, this court must determine whether any genuine issues of material fact exist and whether the trial court erred in its application of law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

Generally, a plaintiff must bring a negligence action within six years. Minn.Stat. § 541.05, subd. 1(5) (1986). However, health care professionals are extended the benefit of a two-year limitation period. Minn.Stat. § 541.07(1). In relevant part, section 541.07(1) states the following actions must be commenced within two years:

all actions against physicians, surgeons, dentists, other health care professionals as defined in section 145.61, and veterinarians as defined in chapter 156, hospitals, sanatoriums, for malpractice, error, mistake or failure to cure.

Minn.Stat. § 145.61 (1986) defines "professional" and "health care." A professional is defined as "a person licensed or registered to practice a healing art under chapter 147 or 148." Minn.Stat. § 145.61, subd. 2. Minn.Stat. § 145.61, subd. 4 describes health care as:

professional services rendered by a professional or an employee of a professional and services furnished by a hospital, sanatorium, nursing home or other institution for the hospitalization and care of human beings.

The trial court concluded the statute was ambiguous because section 145.61 defines "professional" and "health care" but not "health care professional." These definitions were addressed recently by the United States District Court in *Kaiser v. Memorial Blood Center of Minneapolis, Inc.*, 721 F.Supp. 1073 (D.Minn.1989), *certified to the Minnesota Supreme Court* (8th Cir. 1991), 938 F.2d 90. The *Kaiser* opinion supports our conclusion concerning the statutory language.

■ The *Kaiser* court held that an independent blood bank and the Red Cross were protected by the two-year statute of limitations because the persons working for the blood bank who were responsible for blood screening were health care professionals. *Id.* at 1076. The court stated that references in section 541.07 to individuals, as opposed to institutions, were defined by section 145.61, subdivision 2:

Section 541.07(1) first refers to "physicians, surgeons, dentists, other health care professionals * * * and veterinarians." Physicians, surgeons, dentists, and veterinarians are all individuals. After "veterinarian" are listed hospitals and sanitariums, which are institutions. From its placement alone therefore, it would appear that "other health care professionals" also refers to individuals, in this case the individuals referred to in section 145.61(2).

*Id.* at 1075 n. 2. While the court noted that the lack of a specific definition of "health care professional" was "troublesome," it concluded the statutory provisions, when read together, provide adequate guidance. *See id.* We are satisfied, as was the *Kaiser* court, that to warrant professional status under section 547.01, an individual must be registered or licensed as indicated in section 145.61, subd. 2.

Importantly, the court did not expand the meaning of health care professional. *See id.* at 1076 (court would not speculate "as to what the statute should include"). Rather, the court allowed the blood bank and the Red Cross to use the shorter statute because of the clear inclusion of their employees, licensed doctors and nurses, within the two-year statute:

Because the negligence complained of consists of the actions or inactions of health care professionals, Red Cross and Memorial may take advantage of the statute of limitations defense available to those individuals.

*Id.; see also Tackleson v. Abbott–Northwestern Hospital, Inc.,* 416 N.W.2d 454, 455 (Minn.1987) (inequitable to bar relief against a hospital but allow it to go forward against employee for same conduct).

Both *Kaiser* and *Tackleson* extended the shorter statute of limitations to benefit both the employer or employee when only one of them was protected by the shorter statute. In the present case, neither the employer, Minnesota Hand, nor the employees are covered. The inequities that prompted action in the *Kaiser* and *Tackleson* cases are not present here.[1] Furthermore, because the statute is free from ambiguity, even if inequity exists we are not free to disregard the clear meaning of the statute. *See* Minn.Stat. § 645.16 (1990).[2]

2. In a memorandum attached to its order for summary judgment, the trial court referred to respondents Reiner and Osendorf as employees of Dr. Tountas. Appellant raises the question whether this observation of the court, which appellant thinks is incorrect, might lead to a conclusion that Reiner and Osendorf should be protected by the same statute of limitation (two years) applicable to a claim against Tountas. The trial court did not state this legal conclusion and it has not been advanced by respondent.

■ As appellant contends, the record indicates that Reiner and Osendorf were employees of Minnesota Hand, not Tountas. Appellant stated so in her affidavit submitted to the trial court. Although a trial court memorandum for respondent Reiner casually refers to the therapists as employees of Tountas, respondents offered no evidence disputing the statement that Minnesota Hand was their employer. Although Tountas is Minnesota Hand's sole shareholder, the trial court could disregard the corporate entity to benefit Tountas or his employees only under certain circumstances. *See Cargill, Inc. v. Hedge,* 375 N.W.2d 477, 480 (Minn.1985). Here, no evidence was offered justifying the trial court's disregard for the corporate entity.

■ Moreover, even if the two-year statute applied for Reiner and Osendorf, premised on their relationship with Tountas, we would be required to reverse the summary judgment. Tountas treated appellant through February 5, 1988, less than two years before appellant commenced this action, and there is no precedent or reason to identify a separate treatment termination date for each practitioner within a single medical service entity. Thus, the actions against Reiner and Osendorf would be timely.

■ 3. Appellant contends alternatively that the trial court abused its discretion in refusing to vacate her earlier voluntary dismissal without prejudice. A trial court's refusal to set aside a voluntary dismissal can only be reversed if the trial court abused its discretion. *See Butkovich v. O'Leary,* 303 Minn. 535, 536–37, 225 N.W.2d 847, 849 (1975) (affirming trial

---

1. While the *Kaiser* court observed that the result of its holding allows independent blood banks to be treated like blood banks affiliated with hospitals, the court did not rely on this policy as dictating the result. The inequity which justified application of the two-year statute was the coverage of one person (the physicians and nurses screening the blood) but not another (the blood bank) for the very same act (the screening of the blood). *Kaiser,* 721 F.Supp. at 1076.

2. Appellant correctly observes that even if the statute is ambiguous, it must be strictly construed against the party claiming its protection. *See Kittson County v. Wells, Denbrook & Assocs., Inc.,* 308 Minn, 237, 240, 241 N.W.2d 799, 801

(1976) (ambiguous statute of limitations strictly construed against those invoking its protection). Appellant argues that public policy supports limiting the benefit of a two-year statute of limitations to persons whose profession is regulated through public licensure, thus allowing claimants a much broader right to sue unlicensed, unregulated care providers. Respondents, on the other hand, claim that the legislative history of the two-year statute reveals an intent to extend the statute broadly to cover a wide variety of health care providers. Because we do not agree that the statute is ambiguous, we need not make a judgment on the merits of these arguments.

**450**

court's refusal to set aside voluntary dismissal with prejudice).

■ Appellant alleges she acted without the advice of counsel and was unaware of her dismissal's potential effect on the statute of limitations. The trial court concluded that appellant's pro se status was voluntary and that the most likely reason for her dismissal was her deposition scheduled for the next day. The trial court did not abuse its discretion by refusing to vacate the voluntary dismissal.

## DECISION

We reverse the summary judgment and remand for trial.

Reversed and remanded.

SHORT, Judge (dissenting).

I respectfully dissent because I believe occupational therapists are "health care professionals" within the meaning of the two-year statute of limitations. *See* Minn. Stat. § 541.07(1) (1988). The statute is ambiguous because it refers to the definitions of "professional" and "health care" but does not define the entire term "health care professional." *See Kaiser v. Memorial Blood Center of Minneapolis, Inc.,* 721 F.Supp. 1073, 1075 n. 2 (D.Minn.1989); *see also* Minn.Stat. § 145.61, subds. 2, 4 (1988). Merely combining these two definitions makes little sense and does not clearly delineate who is a health care professional. *See Kaiser,* 721 F.Supp. at 1075 n. 2.

It would be inequitable to treat the occupational therapists in this case differently than other health care professionals such as nurses, chiropractors, or physical therapists. Moreover, I do not believe the legislature intended to impose a two-year period for suit against an occupational therapist employed by a hospital, while imposing a six-year period against an identically trained and practicing occupational therapist not employed by a hospital. *See Tackleson v. Abbott–Northwestern Hosp., Inc.,* 416 N.W.2d 454, 455 (Minn.1987) (applying two-year limitation period to nurses, as employees of hospitals). There is no logical basis for having two different time periods

for an occupational therapist's conduct, depending on where the therapist is employed. *See id.* Because occupational therapists are health care professionals, the trial court properly granted summary judgment against appellant for failing to commence her malpractice claim within the two-year limitation period. Resolving the case in this manner treats independent occupational therapists the same as occupational therapists affiliated with a hospital, and it recognizes the important place and function of occupational therapists in our state's overall health care system. *See Kaiser,* 721 F.Supp. at 1076.