Patty C. KAISER; James Kaiser, Appellants,

v.

MEMORIAL BLOOD CENTER OF MINNEAPOLIS, INCORPORATED; American Red Cross, a Minnesota corporation, Appellees.

No. 89–5533.

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1992.

Decided Oct. 22, 1992.

Sharon L. Van Dyck, Minneapolis, Minn., argued, for appellants.

Louis M. Bograd, Washington, D.C. (William Studer and Patrick Diamond, St. Paul, Minn., on the brief), for appellee Red Cross.

Kay Nord Hunt, Minneapolis, Minn., argued (David Dosedel, on the brief), for appellee Memorial Blood Center.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

We return to this case following the answer by the Minnesota Supreme Court of certain certified questions involving statutes of limitations. *Kaiser v. Memorial*

*Blood Center of Minneapolis, Inc.,* 938 F.2d 90 (8th Cir.1991) (order for certification); *id.,* 486 N.W.2d 762 (Minn.1992) (opinion answering certified question). We appreciate the assistance of the Minnesota Supreme Court.

We briefly restate the procedural background and the underlying facts. For a more detailed statement of the case, see *id.,* 721 F.Supp. 1073, 1074–75 (D.Minn. 1989), and *id.,* 938 F.2d at 91–92. Plaintiffs Patty C. Kaiser and her husband James Kaiser appeal from a final order entered in the District Court for the District of Minnesota granting summary judgment in favor of defendants Memorial Blood Center of Minneapolis, Inc. (Memorial), and the American Red Cross (Red Cross). *Id.* For reversal plaintiffs argue the district court erred in (1) holding the Red Cross charter contained a grant of federal jurisdiction and (2) holding their claims were barred by the two-year statute of limitations applicable to "health care professionals" for malpractice. For the reasons discussed below, we reverse the order of the district court and remand the case to the district court for further proceedings.

Plaintiffs are Minnesota residents. In November 1984, Patty Kaiser underwent surgery at a local hospital; she experienced internal bleeding and received a blood transfusion. The blood used in the transfusion was collected by the St. Paul Region of the Red Cross. The Red Cross sent the blood to Memorial, which reconfirmed the blood group and type and sent the blood to the local hospital. In the spring of 1987 Patty Kaiser saw a television program about HIV (human immunodeficiency virus) and AIDS (acquired immune deficiency syndrome). She had her blood tested and on April 7, 1987, she learned she was HIV-positive.

On September 1, 1988, plaintiffs sued Memorial and the Red Cross in state court, alleging that Patty Kaiser had contracted HIV as a result of the blood transfusion she received in November 1984 and that Memorial and the Red Cross had negligently selected blood donors, failed to adequately screen donated blood for HIV and failed to adequately warn the public of the risk of HIV infection through blood transfusion. On September 30, 1988, the Red Cross, with the consent of Memorial, removed the case to federal district court because the Red Cross charter, 36 U.S.C. § 2, conferred original federal jurisdiction. Plaintiffs sought remand because the charter was a mere grant of general corporate capacity to sue and be sued. The district court held that the case was removable under 28 U.S.C. § 1441(a) because the Red Cross charter did confer original federal jurisdiction and denied the motion to remand. *Kaiser v. Memorial Blood Center of Minneapolis, Inc.,* 724 F.Supp. 1255, 1256–57 (D.Minn.1989).

The Red Cross then moved for summary judgment on the grounds that, for statute of limitations purposes, independent blood banks are "health care professionals" and, as such, negligence actions against them are governed by the two-year statute of limitations for malpractice, Minn.Stat.Ann. § 541.07(1) (West Supp.1990). Memorial joined the motion for summary judgment filed by the Red Cross and also moved for summary judgment because that it was not negligent because it had acted in compliance with all blood banking industry regulations and standards in effect in 1984. Plaintiffs opposed the motions for summary judgment. The district court held that the two-year statute of limitations for medical malpractice was applicable to blood banks and that the statute of limitations was not tolled by the special discovery exception adopted by the Minnesota Supreme Court in *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45, 52 (Minn.1982) (bank) (discovery rule of accrual of cause of action rather than termination of treatment rule applicable to asbestos-related wrongful death actions), and granted summary judgment in favor of Memorial and the Red Cross. 721 F.Supp. at 1077. Plaintiffs appealed.

Plaintiffs first argued the district court erred in holding that the Red Cross charter provision granting it the power to sue and be sued in state and federal courts conferred original federal jurisdiction and thus

entitled the Red Cross to remove the action to federal court under 28 U.S.C. § 1441(a). Plaintiffs argued the charter provision only granted the Red Cross the capacity to litigate and did not confer original federal jurisdiction. At the time of the district court's decision, the district courts deciding this issue had split almost evenly. This court agreed with the analysis of the district court and held, as a threshold matter, the Red Cross charter provision conferred federal jurisdiction. 938 F.2d at 93.

The next issue involved which Minnesota statute of limitations applied. Plaintiffs argued the district court erred in applying the two-year statute of limitations applicable to malpractice actions against "health care professionals," Minn.Stat.Ann. § 541.-07(1), to bar their claims. Plaintiffs argued that Minn.Stat.Ann. § 541.07(1) refers only to individuals and certain specified institutions and that blood banks are neither individuals nor one of the specified institutions. Plaintiffs argued that the applicable statute of limitations was the six-year statute of limitations for most negligence actions. Minn.Stat.Ann. § 541.05. Alternatively, plaintiffs argued that Minnesota courts would not apply the ordinary termination of treatment rule to HIV cases and would instead extend to HIV cases the special discovery rule applicable to asbestos cases.

We were uncertain whether the Minnesota courts would apply the two-year or six-year statute of limitations and, if the two-year statute of limitations was applicable, would apply the discovery rule to HIV cases in order to toll the running of the statutory period. In the absence of controlling precedent and because statute of limitations issues involve public policy considerations of particular interest to the state, we sought an authoritative resolution of these state law questions and so certified these questions to the Minnesota Supreme Court pursuant to Minn.Stat.Ann. § 480.061 (West 1990). 938 F.2d at 93–94.

While the certified questions were pending before the Minnesota Supreme Court, the United States Supreme Court resolved the federal jurisdiction issue in an unrelated case and held that the Red Cross charter "sue and be sued" provision was more than a mere grant of general corporate capacity to sue and conferred original federal jurisdiction. *American National Red Cross v. S.G.*, —— U.S. ——, ——, 112 S.Ct. 2465, 2472, 120 L.Ed.2d 201 (1992).

In answering the first of the two certified questions, the Minnesota Supreme Court held that the six-year statute of limitations applied. *Kaiser v. Memorial Blood Center of Minneapolis, Inc.*, 486 N.W.2d at 766. The court held that the two-year statute of limitations was applicable only to the institutions listed in the statute and not to all institutions providing health care. *Id.* Blood banks are not among the institutions listed in the two-year statute. The court held that blood banks are not "other health care professionals" because the term "professionals" refers exclusively to individuals and not to corporations such as Memorial and the Red Cross, *id.*, and because blood banks are not the same kind of "primarily in-patient, comprehensive health care facilities" as those listed in the two-year statute. *Id.*

The court also rejected the blood banks' argument that the two-year statute of limitations applied to them because plaintiffs' action was based on respondeat superior for medical malpractice. *Id.* at 767–68. The court distinguished "malpractice by professionals acting pursuant to their professional licensure from negligence based upon conduct for which a professional license is not required." *Id.* at 767 (footnote omitted). Characterizing plaintiffs' action as one based on claims that the blood banks acted negligently in selecting blood donors and screening donated blood, and not on claims that a physician or nurse employed by the blood banks committed malpractice, the court held that plaintiffs' action was not based on respondeat superior for medical malpractice. *Id.* Instead, the court held that plaintiffs' action was based on common law negligence by the blood banks as corporate entities, and thus subject to the six-year statute of limitations. *Id.* at 767–68 & n. 8 (citing similar cases involving blood banks that distinguish between corporate negligence in policymaking and medical malpractice).

In view of its answer to the first question, the court did not decide the second certified question about the applicable discovery rule.

■ The Red Cross removed this case under 28 U.S.C. § 1441(a) which allows removal from state to federal court of cases that are within the federal court's original jurisdiction. The only other defendant, Memorial, consented to the removal. *See Doe v. Kerwood*, 969 F.2d 165, 167–68 (5th Cir. 1992) (holding Red Cross must obtain consent of co-defendants to remove under 28 U.S.C. § 1441(a)). As noted above, the Supreme Court in *American National Red Cross v. S.G.*, —— U.S. at ——, 112 S.Ct. at 2472, held that the Red Cross charter conferred original federal jurisdiction. Therefore, the district court correctly decided that federal jurisdiction existed and that the Red Cross was entitled to remove the action from state court to federal court.

■ In view of the Minnesota Supreme Court's holding that the statute of limitations applicable to plaintiffs' claims is the six-year statute of limitations, we reverse the district court's grant of summary judgment in favor of the Red Cross on that ground. Plaintiffs' cause of action accrued in November 1984, and plaintiffs filed their complaint in state court in September 1988, well within the applicable six-year statutory period.

However, the Red Cross is not the only defendant in the present case. There is a second jurisdictional question involving pendent party jurisdiction. The district court did not discuss pendent party jurisdiction because it was only after the district court granted summary judgment in favor of defendants on statute of limitations grounds that the Supreme Court adopted a much narrower construction of pendent party jurisdiction in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). As recognized by the parties and the district court, there is no independent basis for federal jurisdiction with respect to Memorial. There is no federal question jurisdiction because plaintiffs' claims against Memorial are grounded on state law and do not involve any federal law. There is no diversity jurisdiction because plaintiffs and Memorial are citizens of Minnesota. We express no opinion on the merits of the pendent party jurisdiction and leave it to the district court to decide in the first instance.

Accordingly, the order granting summary judgment in favor of the Red Cross and Memorial is reversed, and the case is remanded to the district court for further proceedings.[1]

1. Congress effectively overruled *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (*Finley*), by enacting the Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 310, 104 Stat. 5089, 5113–14 (1990) (codified at 28 U.S.C. § 1367), which grants district courts "supplemental jurisdiction" over claims arising from the same case or controversy that "involve the joinder or intervention of additional parties." *See, e.g., Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1221 (M.D.Ala.1991) (post-*Finley*) (recognizing that supplemental jurisdiction provision now authorizes exercise of pendent party jurisdiction); *see also Charles D. Bonanno Linen Serv., Inc. v. McCarthy*, 708 F.2d 1, 6–8 (1st Cir.) (pre-*Finley*), *cert denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). However, because the supplemental jurisdiction provision is effective only for actions commenced after December 1, 1990, it is not applicable to the present case. *See*

*Lewis v. Windsor Door Co.*, 926 F.2d 729, 731 n. 3 (8th Cir.1991).

*Finley* involved a suit filed against the federal government under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The Supreme Court held that the plaintiff could not bring additional claims against any other defendants when no independent basis of subject matter jurisdiction existed over the additional defendants. 490 U.S. at 551–53, 109 S.Ct. at 2007–2009. The Court distinguished pendent claim jurisdiction from pendent party jurisdiction and noted that whether pendent party jurisdiction exists over a different, non-diverse defendant requires more than an inquiry into whether the nonfederal and federal claims are derived from a common nucleus of operative fact, thus satisfying the test in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). 490 U.S. at 551, 109 S.Ct. at 2007. The Court stated that federal courts must examine

"the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim." *Id.* at 551, 109 S.Ct. at 2007, *citing Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (*Kroger*). This circuit and other circuits have interpreted *Finley* to require an affirmative grant of pendent party jurisdiction by Congress and have not limited *Finley* to FTCA claims. *See Lewis v. Windsor Door Co.,* 926 F.2d at 731 (no pendent party jurisdiction for third-party FTCA claim); *Alumax Mill Prods., Inc. v. Congress Fin. Corp.,* 912 F.2d 996, 1006 (8th Cir.1990) (no pendent party jurisdiction under civil RICO); *Lockard v. Missouri Pac. R.R.,* 894 F.2d 299, 301 (8th Cir.) (no pendent party jurisdiction under FELA), *cert. denied,* —— U.S. ——, 111 S.Ct. 134, 112 L.Ed.2d 102 (1990); *accord FSLIC v. Mackie,* 962 F.2d 1144, 1149 (5th Cir.1992) (pendent party jurisdiction under 12 U.S.C. § 1730(k)(1)); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1247–48 n. 12 (5th Cir.1991) (no pendent party jurisdiction under 42 U.S.C. § 1983); *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1346–47 (5th Cir.) (per curiam) (pendent party jurisdiction in admiralty), *cert. denied,* —— U.S. ——, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991); *Nolan v. Boeing Co.,* 919 F.2d 1058, 1064–66 (5th Cir.1990) (pendent party jurisdiction under Foreign Sovereign Immunity Act (FSIA)), *cert. denied,* —— U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991); *Roco Carriers, Ltd. v. M/V NURNBERG EXPRESS,* 899 F.2d 1292, 1296–98 (2d Cir.1990) (pendent party jurisdiction in admiralty); *Iron Workers Mid–South Pension Fund v. Tetrotechnology Corp.,* 891 F.2d 548, 551 (5th Cir.) (no pendent party jurisdiction under ERISA), *cert. denied,* —— U.S. ——, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990); *Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404, 1409 (9th Cir.1989) (pendent party jurisdiction under FSIA).

On remand the district court should consider whether the "posture" of the case supports pendent party jurisdiction, that is, whether the relationship between the claim against the federal defendant and the nonfederal claim against the different, non-diverse defendant is one of "mere factual similarity," which the Court rejected in *Finley* as "of no consequence since 'neither the convenience of the litigants nor considerations of judicial economy can suffice to justify an extension of the doctrine of ancillary jurisdiction.'" 490 U.S. at 552, 109 S.Ct. at 2008, *citing Kroger,* 437 U.S. at 376–77, 98 S.Ct. at 2404. The district court should also consider whether the Red Cross charter or the removal statute affirmatively grants pendent party jurisdiction. *See Finley,* 490 U.S. at 552–53, 109 S.Ct. at 2008 (grant of jurisdiction over "claims against the United States" limited to claims against United States only); *FSLIC v. Mackie,* 962 F.2d at 1149–50 (statute authorizing FDIC to remove "action, suit, or proceeding" broad enough to include pendent parties); *Nolan v. Boeing Co.,* 919 F.2d at 1064 (FSIA grants jurisdiction over "actions" and not just "claims"); *Roco Carriers, Ltd. v. M/V NURNBERG EXPRESS,* 899 F.2d at 1296 (admiralty jurisdiction includes "[a]ny civil case" and is not limited to jurisdiction over a particular party); *Perkins v. Halex Co.,* 744 F.Supp. 169, 173–76 (N.D.Ohio 1990) (post-*Finley*) (no pendent party jurisdiction under 28 U.S.C. § 1441(c); basis of removal was Title VII); *cf. Charles D. Bonanno Linen Serv., Inc. v. McCarthy,* 708 F.2d at 8–11 (pre-*Finley*) (no pendent party jurisdiction under 28 U.S.C. § 1441(c); basis of removal was federal labor law). Cases involving the removal provision of the FSIA, 28 U.S.C. § 1441(d), can arguably be distinguished on the ground that, unlike removal in general, Congress intended the FSIA to be a broad removal provision in order "to render uniform in procedure and substance the treatment of foreign sovereigns subjected to suits in American courts" by assuring the availability of a federal forum. *Nolan v. Boeing Co.,* 919 F.2d at 1065 (pendent party jurisdiction under FSIA) (citation omitted); *see Teledyne, Inc. v. Kone Corp.,* 892 F.2d at 1409 (same); *Trump Taj Mahal Assocs. v. Costruzioni Aeronautiche Giovanni Agusta, S.p.A.,* 761 F.Supp. 1143, 1152 (D.N.J. 1991) (same), *aff'd mem.,* 958 F.2d 365 (3d Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 84, 121 L.Ed.2d 47 (1992); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3567.2, at 30–31 (Supp.1992).