**Mary Ann PERRY, Ron Perry, Don Perry, Linda Huntsman, Beverly Blassingame, and Vickie Puff, Plaintiffs,**

v.

**SAINT FRANCIS HOSPITAL AND MEDICAL CENTER, INC. and American National Red Cross, Defendants.**

No. 93–4231–SAC.

United States District Court, D. Kansas.

March 1, 1994.

Nancy E. Freund, Murphy & Freund, and Ronald P. Pope, Ralston, Buck & Associates, Topeka, KS, for Mary Ann, Ron, and Don Perry, Linda Huntsman, Beverly Blassingame and Vickie Puff, plaintiffs.

Thomas L. Theis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for Saint Francis Hosp. and Medical Center, Inc., defendant and cross-defendant.

James S. Pigg and Kristine A. Larscheid, Fisher, Patterson, Sayler & Smith, Topeka, KS, for American Nat. Red Cross, defendant and cross-claimant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiffs' response to notice of removal and motion to remand (Dk. 12). The plaintiffs filed their petition in the District Court of Shawnee County, Kansas, alleging that the defendants' agents without the plaintiffs' consent "removed the long bones and the eyes" from the body of the recently deceased, Kenneth Perry, who was the husband of the plaintiff, Mary Ann Perry, and the father to the remaining plaintiffs. Their legal theories are the tort of outrageous conduct, negligence and breach of the contract they made for the limited donation of the corneas and bone marrow without disfigurement to the deceased.

On October 27, 1993, the defendant American National Red Cross ("Red Cross") filed its Notice of Removal (Dk. 1) in this court. The plaintiffs filed a motion to extend the time to respond to the notice of removal. (Dk. 10). The magistrate judge denied the plaintiffs' motion for extension on November 29, 1993. (Dk. 11). On the same day, the plaintiffs filed their combined response and motion to remand. (Dk. 12).

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). By not filing their motion within this thirty-day period, the plaintiffs have waived all grounds for remand except the lack of subject matter jurisdiction. *See Hamilton v. Aetna Life and Casualty Co.*, 5 F.3d 642, 642 (2nd Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994).

The plaintiffs argue remand is necessary because the defendant Saint Francis Hospital and Medical Center ("St. Francis Hospital") is a non-diverse party over which the court lacks jurisdiction. Citing *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) and relying on its rationale, the plaintiffs conclude that the defendant Red Cross is "prohibited from removing the non-diverse party to federal court when (sic) federal court does not have proper jurisdiction over the same." (Dk. 12 at 3). On these arguments, the plaintiffs ask the court to remand the entire case and not just their claims against St. Francis Hospital.

The Supreme Court in 1992 held that the Red Cross charter "sue and be sued" provision, 36 U.S.C. § 2, confers original federal court jurisdiction in all cases where the Red Cross is a party. *American National Red Cross v. S.G.*, — U.S. ——, ——, 112 S.Ct. 2465, 2467, 120 L.Ed.2d 201, 207 (1992). This grant of jurisdiction is "independent of any other basis for federal jurisdiction such as diversity or the existence of a federal question." *Roe v. Little Co. of Mary Hospital*, 815 F.Supp. 241, 242 (N.D.Ill.1992). The Red Cross properly removed this case to federal court pursuant to 28 U.S.C. § 1441(a). *See American National Red*

*Cross,* —— U.S. at ——, 112 S.Ct. at 2467, 120 L.Ed.2d at 207.

■ The supplemental jurisdiction of this court extends to the plaintiffs' suit against St. Francis Hospital. The Judicial Improvements Act of 1990 effectively overrules *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). *Kaiser v. Memorial Blood Center,* 977 F.2d 1280, 1283 (1992); *Schrag v. Dinges,* 150 F.R.D. 664, 681 (D.Kan.1993). Specifically, 28 U.S.C. § 1367(a) gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" including "claims that involve the joinder or intervention of additional parties." The plaintiffs' claims against the Red Cross and St. Francis Hospital are so related as to be part of the same case. The plaintiffs here seek relief for a single injury and allege the defendants are jointly and severally liable. The court knows of no circumstance or compelling reason and the plaintiffs do not offer any for declining supplemental jurisdiction.

IT IS THEREFORE ORDERED the plaintiffs' response to notice of removal and motion to remand (Dk. 12) is denied.